Wilbur H. **MERTZ**, Individually and on behalf of all other persons similarly situated

v.

Patricia Roberts **HARRIS**, Secretary of Health and Human Services.

Civ. A. No. B–78–164.

United States District Court, S. D. Texas, Brownsville Division.

Sept. 10, 1980.

J. L. Covington, Brownsville, Tex., for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Civil Division, U. S. Dept. of Justice, Washington, D. C., J. A. "Tony" Canales, U. S. Atty., S. D. Texas, Vidal G. Martinez, Asst. U. S. Attys., Houston, Tex., Brian G. Kennedy, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Plaintiff brings this action individually and on behalf of all other persons similarly situated and seeks to have this Court declare Section 202(f)(1) of the Social Security Act, 42 U.S.C. § 402(f)(1) unconstitutional. Mr. Mertz has been denied survivor's benefits under section 402(f)(1) solely on the basis of his sex: he is a widower and not a widow. In denying the Plaintiff benefits which would flow automatically to an identically situated widow, this section of the Social Security Act is said to have violated the equal protection guarantees of the due process clause of the Fifth Amendment to the United States Constitution.[1] Plaintiff seeks reversal of the Defendant's decision denying him benefits and requests declaratory and injunctive relief against the enforcement of 42 U.S.C. § 402(f)(1) to the extent that it discriminates against individuals on the basis of sex. Additionally, the Plaintiff seeks certification of a class of similarly situated widowers.

### Facts

Plaintiff and Mary Mertz were married in 1944 and remained husband and wife until her death in 1963. During their marriage, Mrs. Mertz worked and made maximum contributions to Social Security. At the time of her death in 1963, she was a fully insured individual under Title II of the Social Security Act.

---

1. Although the Fifth Amendment contains no equal protection clause, the United States Supreme Court has held that the due process clause of the Fifth Amendment encompasses equal protection principles. *Mathews v. De-* *Castro,* 429 U.S. 181, 182 n.1, 97 S.Ct. 431, 432 n.1, 50 L.Ed.2d 389 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 768–70, 95 S.Ct. 2457, 2468–69, 45 L.Ed.2d 522 (1975).

Mr. Mertz is a sixty–eight year old resident of Corpus Christi, Texas. Because he was an employee of the United States Postal Service, he was not covered by the Social Security Act and therefore is not entitled to social security benefits based on his own work record. In 1967, the Plaintiff remarried, but was divorced in 1975 at age sixty–three. On October 4, 1977, Mr. Mertz applied for widower's benefits on Mary Mertz's work record. His application for widower's benefits was rejected on the grounds that because he remarried subsequent to the death of Mary Mertz, he failed to meet the requirements of 42 U.S.C. § 402(f)(1)(A). A widow who remarries, is divorced, and subsequently applies for widow's benefits would be entitled to those benefits under section 402(e)(1). Thus, if Mr. Mertz were a widow instead of a widower, he would be entitled to benefits under the statutory scheme of the Social Security Act.

After his reconsideration application was denied, the Plaintiff and the Defendant entered into an agreement whereby the parties waived the requirement that Plaintiff exhaust his administrative remedies before seeking judicial review of the Defendant's determination. The Plaintiff thereafter brought this present action within sixty days from the date said agreement was entered into, and this Court therefore has jurisdiction of this action under 42 U.S.C. § 405(g).

### Class Certification Issues

Plaintiff seeks to represent a class composed of all applicants for widower's insurance benefits under 42 U.S.C. § 402(f)(1) whose "applications, requests for reconsideration, hearings or Appeals Council reviews have been denied solely because of the statutory requirement of 42 U.S.C. § 402(f)(1)(A) that widowers may not have remarried in order to claim on an individual who died fully insured; and who received notices of such denials mailed to applicants on or after the sixtieth (60th) day prior to June 29, 1978. (The date plaintiff's action was filed)." Because the Social Security

Act imposes certain restrictions on this Court's jurisdiction, the class Plaintiff seeks to represent must by definition be limited to only those individuals who meet the jurisdictional requirements of 42 U.S.C. § 405(g).

Under section 405(g), judicial review may be obtained only by those individuals who (1) have made application for benefits to the Secretary of Health and Human Resources (or its predecessor, the Secretary of Health, Education and Welfare); (2) have received a final decision from the Secretary made after a hearing; (3) have exhausted their administrative remedies; (4) have commenced their civil actions or review within sixty days of the mailing of the notice of the decision or such further time as the Secretary may allow; and (5) have filed their action in the appropriate district court. *See Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). All but the first of these requirements may be waived by the Secretary. Because the only issue presented in this case is whether or not section 402(f)(1) is constitutional, the Secretary has waived the requirement that Plaintiff exhaust his administrative remedies before seeking judicial review. The Court finds that the Defendant has also waived the exhaustion requirement as to all class members because it would be a futile effort to require all claimants to exhaust their administrative remedies before challenging § 402(f)(1) solely on constitutional grounds. Additionally, the Defendant has not objected to the appropriateness of venue in this Court and therefore has waived whatever defects may exist. *Id.* at 328 n.9, 96 S.Ct. at 899 n.9. This Court therefore, has jurisdiction over all class members who have made application for widower's benefits under 402(f)(1), whose application has been denied on the basis of section 402(f)(1)(A) and who have received notices of such denials mailed to them on or after the sixtieth (60th) day prior to the date Plaintiff's action was filed, that being June 29, 1978.

■ The Defendant opposes class certification on the ground that the Social Securi-

ty Act does not lend itself to class relief. The contention is that the congressional intent behind the statutory scheme of the Social Security Act is to award benefits on a case–by–case determination and that therefore class actions in the social security area are inappropriate. This argument, however, was clearly rejected by the United States Supreme Court in *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). In *Yamasaki*, the Court held that "where the district court has jurisdiction over the claims of the members of the class in accordance with the requirements set out in section 205(g), it also has the discretion under Fed.Rule Civ.Proc. 23 to certify a class action for the litigation of those claims." *Id.* at 701, 99 S.Ct. at 2558.

■■■ Defendant also objects to class certification on the grounds that the Plaintiff has failed to satisfy the numerosity requirement of Rule 23 and that he has improperly defined the class. Under Rule 23(a), Fed.R.Civ.P., class actions may be maintained only if (1) the class is so numerous that joinder of all members is impracticable, (2) that there are questions of law or fact common to the class, (3) that claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Defendant alleges that the Plaintiff has failed to meet his burden of establishing the numerosity requirement. Through interrogatories, the plaintiff attempted to discover the number of men who would have been eligible for widower's benefits but for the challenged requirement of section 402(f)(1)(A). The Defendant objected to these interrogatories on the grounds that they sought to discover persons outside the proposed class as defined by Plaintiff. Because of this discovery deadlock, the Plaintiff has not established the precise number or identity of class members. The prevailing view, however, is that a plaintiff need not allege the exact number of class members in order to satisfy the numerosity requirement. *Carpenter v. Davis*, 424 F.2d 257, 260 (5th Cir. 1970). The class itself has been narrowly defined,

*i. e.*, all men who were denied widower's benefits because of the requirement of section 402(f)(1)(A). Thus the class as defined cannot be described as amorphous and the Plaintiff's failure to establish the exact number of class members will not preclude the certification of this action as a class action. Indeed the Court finds that other circumstances surrounding this case require a holding that the numerosity requirement has been met. Initially it should be noted that at least one commentator has described actions challenging the constitutionality of a statute as "inherent class actions". *See* 1 H. Newberg, *Class Actions* § 1105g (1977). Also, the geographic diversity of the proposed class greatly reduces the importance of determining the class certification issue on the basis of sheer numbers. In *Dale Electronics, Inc. v. R.C.L. Electronics, Inc.*, 53 F.R.D. 531 (D.N.H.1971), the court in certifying a class of thirteen defendants found the numerosity requirement had been met because "the locations of the defendants range from California to New York and from North Carolina to Nebraska. Joinder is not only impracticable, but impossible." *Id.* at 534. There can be no doubt that the proposed class in the case *sub judice* contains at least as many members. The proposed class is a nationwide class and because its individual members are widely scattered throughout the nation and their identities are not readily ascertainable, this court finds that the numerosity requirement has been met. *See Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). To require a multiplicity of suits by the individual members of this proposed class would be contrary to the major objectives and purposes of the class action rule.

■ The Court also finds that the requirements of Rule 23(a)(2) have been met. The only issue to be resolved in this case is whether or not 42 U.S.C. § 402(f)(1)(A) is constitutional. There are no issues of fact in this case nor are any other issues of law involved. This issue is common to all members of the proposed class.

■ Rule 23(a)(3) requires that the claims or defenses of the representative party be typical of the claims or defenses of the class. Mr. Mertz's claim for widower's benefits under section 402(f)(1) would be identical to the claims of the proposed class members. Indeed the members of the class as defined by the Plaintiff are each claiming widower's benefits under section 402(f)(1). Because the law and the facts cannot be materially different as to each individual member of the class, the Court finds that the Plaintiff's claim is typical of the claims of the class members, and therefore Rule 23(a)(3), Fed.R.Civ.P. has been satisfied.

■ Finally, a class action may be maintained only if the representative party will fairly and adequately protect the interests of the class. Rule 23(a)(4), Fed.R.Civ.P. The basic elements of this requirement are an absence of conflict between the representative and the class members and an assurance of vigorous prosecution by the representative. *See Sosna v. Iowa*, 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975). Because each individual member of the class seeks to have section 402(f)(1) declared unconstitutional so that he may be entitled to widower's insurance benefits, the absence of conflict between the representative and the class members is obvious. The Court also finds that the Plaintiff has vigorously prosecuted his claim and because such claim is identical to those of the class members, has competently represented the class. For all of the foregoing reasons, the Court holds that the requirements of Rule 23(a), Fed.R.Civ.P. have been met.

■ In order to establish a class action, however, at least one of the sub-parts to Rule 23(b) must also be met. The Court finds that this class is maintainable under both 23(b)(1)(A) and 23(b)(2). Rule 23(b) provides that an action may proceed as a class action if "(1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class . . . ." Rule 23(b)(1)(A), Fed.R. Civ.P. If another district court were faced with the identical claim, it is clear that it would not be bound by this decision on principles of res judicata and at most would merely have an obligation to carefully consider this Court's reasoning in arriving at its own conclusion. Given the possibility that an adjudication of this identical claim in another court would result in a decision inconsistent with the one made here, the Defendant would be faced with incompatible standards of conduct depending on what area of the United States the individual made his claim for benefits. Such an undesirable result is precisely what Rule 23(b)(1)(A) was intended to prevent. Accordingly, this Court finds this action is properly maintainable as a class action under Rule 23(b)(1)(A), Fed.R.Civ.P.

■ In denying widowers insurance benefits on the ground that the claimant remarried after the death of the wife on whose work record he is claiming such benefits, the Defendant has refused to act on grounds generally applicable to the class as a whole. Consequently, final declaratory and injunctive relief which benefits the entire class is not only appropriate, but, in the interests of judicial economy, is an invaluable tool. The Court is therefore of the opinion that this suit may also be maintained as a class action under Rule 23(b)(2), Fed.R.Civ.P.

■ The Defendant's final argument in opposing class certification is well taken. It is argued that the class as proposed by the Plaintiff would include those men who were denied benefits because they were married at the time they made their application for benefits. Because widows who are married at the time they file for benefits under section 402(e)(1) are also denied benefits on that ground, the Defendant argues that similarly situated men have no equal protection claim and therefore could not be proper members of this proposed class. This Court agrees. Accordingly, the Court will certify only those members of the proposed class who were not married at

the time they made applications for benefits under section 402(f)(1).

The Court having found that all requirements for class certification are met, it is therefore ORDERED that the present case is certified as a class action. The class is defined as all males: (1) who have filed applications for widower's insurance benefits under 42 U.S.C. § 402(f)(1); (2) who were not married at the time they made their applications; (3) whose applications, requests for reconsideration, hearings or Appeals Council reviews were denied solely because of the statutory requirements of 42 U.S.C. § 402(f)(1)(A) (that they had remarried since the death of the wife on whose record they claim the benefits); and (4) who received notices of such denial mailed to them on or after the sixtieth (60th) day prior to June 29, 1978 (the date Plaintiff's action was filed).

### Equal Protection Issues

A widower is entitled to widower's insurance benefits only if he has never remarried. *See* 42 U.S.C. § 402(f)(1)(A). A widow, on the other hand, is entitled to widow's insurance benefits so long as she is not married at the time she makes her application for benefits. *See* 42 U.S.C. § 402(e)(1)(A). Consequently, an intervening marriage which ends in divorce or by death of one spouse does not preclude a widow from receiving benefits based on the work record of a prior spouse. It is therefore clear that this statutory scheme mandates gender–based discrimination.[2] Statutes which discriminate on the basis of sex withstand constitutional scrutiny only if they serve important governmental objectives and the discriminatory means employed are substantially related to the achievement of those objectives. *See Wengler v. Druggists Mutual Insurance Company,* 446 U.S. 142, 150, 100 S.Ct. 1540, 1545, 64 L.Ed.2d 107 (1980); *Califano v. Webster,* 430 U.S. 313, 316–17, 97 S.Ct. 1192, 1194, 51 L.Ed.2d 360 (1977); *Craig v. Boren,* 429 U.S. 190, 197, 97 S.Ct. 451, 456, 50 L.Ed.2d 397 (1976).

▋ Initially it must be noted that, prior to 1965, no distinction was made in awarding insurance benefits to widows and widowers. To be entitled to benefits, both widows and widowers must not have remarried after the death of the spouse on whose work record they were claiming such benefits. In 1965, however, Congress amended section 402(e) to provide that the widow could receive benefits so long as she was not married at the time she made her application. *See* 42 U.S.C. § 402(e)(1)(A). Defendant makes reference to the legislative history of that amendment in describing the important governmental objective to be served. Senate Report 404 describes the objectives behind the 1965 amendment as follows:

> The changes will provide protection mainly for women who have spent their lives in marriages that are dissolved when they are far along in years–especially housewives who have not been able to work and earn social security benefit protection of their own–from loss of benefit rights.

S.Rep.No.404, 89th Cong., 1st Sess., *reprinted in* [1965] U.S.Code Cong. & Admin.News, 2048. Thus the important governmental objective which is said to require this gender–based discrimination is to provide protection mainly for housewives who have

---

**2.** Similar statutory classifications based on sex have been declared unconstitutional by the United States Supreme Court. *See Wengler v. Druggists Mutual Insurance Co.,* 446 U.S. 142, 100 S.Ct. 1540, 64 L.Ed.2d 107 (1980) (provision of Missouri's workers' compensation statute); *Califano v. Westcott,* 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382 (1979) (42 U.S.C. § 607); *Califano v. Goldfarb,* 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977) (42 U.S.C. § 402(f)(1)(D)); *Jablon v. Secretary of H. E. W.,* 399 F.Supp. 118 (D.Md.1975), aff'd 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977) (mem.) (42 U.S.C. § 402(c)(1)(C)); *Silbowitz v. Secretary of H. E. W.,* 397 F.Supp. 862 (S.D. Fla.1975), aff'd 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977) (mem.) (42 U.S.C. § 402(c)(1)(C)); *Weinberger v. Wiesenfeld,* 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975) (42 U.S.C. § 402(g)); *Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 5839 (1973) (37 U.S.C. §§ 401, 403 and 10 U.S.C. §§ 1072, 1076).

been unable to work and earn social security benefits of their own. This objective is clearly premised on the assumption that females have traditionally been dependent housewives and that the men are the breadwinners of the family. The Court finds the conclusion inescapable that the 1965 amendment to section 402(e) was not enacted to redress past discrimination against elderly women in the work force.[3] Instead, the amendment to section 402(e) is part of that "baggage of sexual stereotypes" that presumes all women are dependent housewives who rely on their husbands for their support.[4] *See Califano v. Westcott*, 443 U.S. 76, 89, 99 S.Ct. 2655, 2663, 61 L.Ed.2d 382 (1979); *Silbowitz v. Secretary of Health, Education and Welfare*, 397 F.Supp. 862, 866 (S.D.Fla.1975), *aff'd*, 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977) (mem.). This Court is therefore of the view that the sex–based classification here was premised on "archaic and overbroad generalization[s] . . . not . . . tolerated under the Constitution." *Weinberger v. Wiesenfeld*, 420 U.S. 636, 643, 95 S.Ct. 1225, 1231 (1975). *See also Califano v. Goldfarb*, 430 U.S. 199, 211, 97 S.Ct. 1021, 1029, 51 L.Ed.2d 270 (1977). Without the existence of a valid governmental objective to justify this gender–based discrimination, the Court finds this statute to be constitutionally infirm.

Even if this Court were to accept Defendant's contention that the actual legislative purpose was to compensate women for past discrimination, the question remains whether the discriminatory means employed substantially serve the statutory end. *See Wengler v. Druggists Mutual Insurance Company*, 446 U.S. 142, 151, 100 S.Ct.

1540, 1546, 64 L.Ed.2d 107 (1980). Benefits derived from contributions made by Mrs. Mertz were denied the Plaintiff solely because he had remarried, even though he was not married at the time he filed for such benefits. If Mrs. Mertz had been a male, her surviving spouse would have been entitled to benefits despite the fact of a subsequent marriage so long as that spouse was not married at the time of making application for such benefits. Section 402(f)(1)(A), therefore, deprives female wage earners of the protection for their surviving spouses which male wage earners receive as a result of their employment. Statutes of like effect have been routinely declared unconstitutional by the United States Supreme Court. *See, e. g., Wengler v. Druggist Mutual Insurance Company*, 446 U.S. 142, 100 S.Ct. 1540, 64 L.Ed.2d 107 (1980); *Califano v. Goldfarb*, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975). Thus, under the statutory scheme of the Social Security Act, a female wage earner's contributions are, solely on the basis of her sex, made less valuable to her family than the earnings of a similarly situated male wage earner. *See Jablon v. Secretary of Health, Education and Welfare*, 399 F.Supp. 118, 130 (D.Md.1975), *aff'd*, 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977) (mem.).

The classification in this case is in one respect more pernicious than those struck down in *Wengler* and *Goldfarb*. The restriction imposed by section 402(f)(1)(A) is not a mere procedural barrier, like the proof of dependency requirement in *Goldfarb* and *Wengler*, but is an absolute bar to

---

**3.** In *Califano v. Webster*, 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977), a case cited by Defendant as support for her position, the Court recognized that the purpose of the challenged statute was to redress past discrimination against women in the work force and accordingly upheld the validity of the statute. *Id.* at 320, 97 S.Ct. at 1196. The holding in *Webster* is not dispositive of the case at bar, however, because such was not the purpose of the 1965 amendment.

**4.** Over five years ago, the Supreme Court pointed out "that in view of the large percentage of married women working (41.5% in

1971), the presumption of complete dependency of wives upon husbands has little relationship to present reality." *Weinberger v. Wiesenfeld*, 420 U.S. 636, 643 n. 11, 95 S.Ct. 1225, 1231 n. 11, 43 L.Ed.2d 514 (1975). *See also Taylor v. Louisiana*, 419 U.S. 522, 535 n. 17, 95 S.Ct. 692, 700 n. 17, 42 L.Ed.2d 690 (1975)(In October, 1974, 54.2% of all women between 18 and 64 years of age were in the labor force). Although the parties have not submitted current statistical evidence on this point, the Court feels certain that the percentage of working women has increased since 1974.

qualifications for aid. *See Califano v. Westcott*, 443 U.S. 76, 85, 99 S.Ct. 2655, 2661, 61 L.Ed.2d 382 (1979). In an attempt to redress past discrimination against women, this statute perpetuates that discrimination against female wage earners in the future. It is illogical to subject women to the indignity of having their contributions to social security provide less coverage for their surviving spouse than that provided by a similarly situated man merely because females have suffered unfortunate economic plight in the past. This scheme in no way furthers the position of women in today's society. *See Silbowitz v. Secretary of Health, Education and Welfare*, 397 F.Supp. 862, 870 (S.D.Fla.1979), *aff'd*, 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977) (mem.). As stated by the Supreme Court in *Weinberger*, "[o]bviously, the notion that men are more likely than women to be the primary supporters of their spouses and children is not entirely without empirical support . . . [b]ut such a gender based generalization cannot suffice to justify the denigration of the efforts of women who work and whose earnings contribute significantly to their families' support." 420 U.S. at 645, 95 S.Ct. at 123. For all of the foregoing reasons, this Court holds that section 402(f)(1)(A) is not substantially related to the governmental objective of redressing past discrimination against women because contributions to social security from female wage earners provide less protection to their surviving spouses than those of a similarly situated man.[5]

The Defendant counters with the proposition that female wage earners are not interested in making provision for a surviving spouse who remarries. Why a male wage earner should be any more interested in providing support for a surviving spouse who remarries is a question conspicuously left unanswered by the Defendant. In any event, "the bare assertion of this argument falls far short of justifying gender–based discrimination. . . ." *Cf. Wengler v. Druggists Mutual Insurance Company*, 146 U.S. 142, 151, 100 S.Ct. 1540, 1546, 64 L.Ed.2d 107 (1980). Additionally, the Defendant's contention, even if true, does not justify the discrimination imposed on female wage earners by section 402(f)(1)(A).

Finally, even if the objective of the Act is to provide social security benefits to those with the greatest need, it is obvious that sections 402(f) and 402(e) do not accomplish that purpose. Under the statutory scheme, it is evident that wealthy widows would become entitled to benefits regardless of their dependency. Economically independent widows would receive benefits without regard to their need, while impoverished elderly widowers would be denied such benefits. *See Silbowitz v. Secretary of Health, Education and Welfare*, 397 F.Supp. 862, 867 (S.D.Fla.1975), *aff'd*, 430 U.S. 924, 97 S.Ct. 1539, 51 L.Ed.2d 768 (1977) (mem.).

Since this Court holds that the gender–based classification of section 402(f)(1) is not substantially related to the attainment of any important and valid statutory goal, the Court also finds that the section impermissibly discriminates against men who survive their employed wives. In those cases where neither spouse is dependent on the other and one spouse dies, benefits are payable to the surviving female who remarries but are not payable to the identically situated surviving male. Mr. Justice Stevens, in *Califano v. Goldfarb, supra*, identified this distinction as invidious discrimination against male survivors resulting in a denial of equal protection. *See Califano v. Goldfarb*, 430 U.S. 199, 217, 797 S.Ct. 1021, 1032, 51 L.Ed.2d 270 (1977) (J. Stevens, concurring); *Wengler v. Druggists Mutual Insurance Company*, 446 U.S. 142, 149, 100 S.Ct. 1540, 1545, 64 L.Ed.2d 107 (1980). Obviously, the needs of surviving spouses would be completely served either by paying benefits to all widows and widowers or by paying benefits only to those who can

---

5. The holdings in *Kahn v. Shevin*, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974) and *Califano v. Webster*, 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977) are distinguishable and, therefore, not controlling. Neither case involved the situation where Congress, in an effort to correct past discrimination against women, perpetrated that discrimination by placing less value on the labors of the female wage earner than that accorded the work of men.

demonstrate their need. In an attempt to justify the discriminatory amendment of 1965 which provides benefits to widows who have remarried, but pays benefits only to those widowers who have never remarried, the Defendant urges the following proposition: a widower's remarriage is most often an indication of financial independence of his first marriage. Such bald conclusions unsupported by statistical evidence have never sufficed as justification for gender based discrimination. *See e. g. Wengler v. Druggist Mutual Insurance Company*, 446 U.S. 142, 151, 100 S.Ct. 1540, 1546, 64 L.Ed.2d 107 (1980); *Califano v. Westcott*, 443 U.S. 76, 89, 99 S.Ct. 2655, 2663, 61 L.Ed.2d 382 (1979); *Califano v. Goldfarb*, 430 U.S. 199, 217, 97 S.Ct. 1021, 1032, 51 L.Ed.2d 270 (1977). The Court therefore holds that section 402(f)(1)(A) does not serve important governmental objectives, nor is it substantially related to the achievement of any valid objectives. Consequently, its discriminatory effect on widowers denies them their equal protection rights.

The Court finds and declares that section 402(f)(1)(A) denies Mr. Mertz and the class he represents the equal protection of the laws guaranteed through the due process clause of the Fifth Amendment. The denial of widower's benefits under section 402(f)(1)(A) is therefore unconstitutional.

Plaintiff's Motion for Summary Judgment is GRANTED.

The final issue faced by this Court is whether the Defendant should be required to extend to widowers those benefits which are presently provided to widows, or to nullify those benefits presently enjoyed by widows but not widowers. This Court finds that "extension, rather than nullification, is the proper course". *Califano v. Westcott*, 443 U.S. at 89, 99 S.Ct. at 2663.

It is therefore ORDERED that the Defendant extend to the Plaintiff and the members of the class he represents those benefits presently enjoyed by widows under section 402(e)(1) from the date each made application for benefits until they cease to be eligible for them.

It is further ORDERED that the Defendant is permanently enjoined from denying the Plaintiff and the class he represents those benefits available pursuant to section 402(f)(1).

It is further ORDERED that the Defendant shall immediately undertake to identify and notify all members of the class the Plaintiff represents of this decision and Order, and shall immediately pay to such class members the benefits due them under 42 U.S.C. § 402(f)(1) since the date each class member initially made application for benefits, and shall continue to pay these benefits to each class member until the member ceases to be eligible for them. The Defendant shall submit for this Court's approval, within sixty (60) days, a plan for identifying and notifying these class members. The Plaintiff may file objections to the Defendant's proposed plan within ten (10) days of its filing with the Court. The Court retains jurisdiction for the purpose of implementing this decision and Order.

Plaintiff also prays for the awarding of costs and attorney's fees against the Defendant. Because of the provisions of Rule 54(d), Fed.R.Civ.P., the Court will make no such award unless Plaintiff submits within thirty (30) days a brief showing statutory authorization for same.