Johnnie M. LADD

v.

DAIRYLAND COUNTY MUTUAL IN-
SURANCE COMPANY OF TEXAS.

Civ. A. No. CA 4–77–28–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

Jan. 25, 1982.

Art Brender, Fort Worth, Tex., for plaintiff.

M. Leigh Bartlett, Arthur T. Meeder, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, Tex., for defendant.

ORDER

MAHON, District Judge.

There is pending before the Court plaintiff's motion for class certification. A hearing on said motion was held on July 2 and July 3, 1981. After careful consideration of the motion, arguments, and briefs, the Court makes the following ruling.

## I. *Discussion*

Plaintiff brings this case claiming that defendant, Dairyland County Mutual Insurance Company of Texas unlawfully discriminates against Black people because of their race by: (1) settling Black personal injury claims for less money than similar White personal injury claims, (2) taking longer time to settle Black claims than similar White claims, and (3) forcing Blacks to hire attorneys more often than forcing Whites to hire attorneys. Plaintiff has moved to certify as a class all those who are similarly situated to plaintiff.

In order for a class to be certified the plaintiff must meet all four prerequisites of 23(a) and the class must fall within one of the categories of class actions set forth in 23(b).

Thus, the sole question before the Court is whether plaintiff has met the burden of showing that prerequisites of Rule 23, Fed. R.Civ.Proc. have been satisfied.

### A. *Numerosity.*

Under 23(a)(1), plaintiff must prove that the class is so numerous that joinder of all members is impracticable. However, "[i]t is not necessary that the members of the class be so clearly identified that any member can be presently ascertained." *Carpenter v. Davis,* 424 F.2d 257, 260 (5th Cir.1970). *See also Bailey v. Patterson,* 323 F.2d 201 (5th Cir.1963); *cert. denied,* 376 U.S. 910, 84 S.Ct. 666, 11 L.Ed.2d 609 (1964); *Potts v. Flax,* 313 F.2d 284 (5th Cir.1963); *Mertz v. Harris,* 497 F.Supp. 1134 (S.D.Tex.1980). Because the Class will be narrowly defined and since plaintiff has produced enough evidence at this stage, which would indicate that the class would constitute well over a hundred people located throughout the state of Texas; the failure to establish the exact number of class members will not preclude the certification of this action as a class action. Thus, the Court holds that plaintiff has met the numerosity prerequisite.

### B. *Common Questions of Law or Fact.*

Under 23(a)(2), plaintiff must prove that "there are questions of law or fact common to the class."

Defendant claims that because there are so many factors which influence the settlement of a claim, a separate inquiry will have to be made into each case to determine the facts surrounding the settlement. *See e.g. Boro Hall v. Metropolitan Tobacco Co., Inc.,* 74 F.R.D. 142 (E.D.N.Y.1977).

There is rarely a case in which the defendant acts out of pure discrimination against a plaintiff or a class. There are almost always numerous reasons, in addition to a discrimination reason, why a particular defendant takes a certain course of action. If defendant's position was accepted, class action suits would be restricted to those cases where plaintiff could show that discrimination was the only factor causing defendant to act as he did. This is certainly not the law. *See Johnson v. American Credit Co. of Georgia,* 581 F.2d 526, 532 (5th Cir.1978).

Plaintiff, at this stage, has alleged enough evidence to show that at least discrimination was one factor which played a role in the manner in which defendant settles its claims. However, the Court wants to strongly point out that this holding is in no way a ruling on the merits of plaintiff's contention. It may be that, at trial, plaintiff will fail to prove that defendant discriminated between claimants because of race. Although the Court is impressed with defendant's rebuttal of plaintiff's statistics, the Court does find that plaintiff's statistics are accurate enough to show a tendency that defendant may have discriminated against Blacks in settling claims. *See Vuyanich v. Republic National Bank of Dallas,* 82 F.R.D. 420 (N.D.Tex.1979). Again, such a finding is a long way off from saying that plaintiff has proven liability.

### C. *Typicality.*

Under 23(a)(3), plaintiff must show that "the claims or defenses of the representative parties are typical of the claims or defenses" of the class.

As with defendant's argument concerning commonality, defendant argues that there is no typicality since each settlement claim

is based on several factors, such that each claim would require an individual lawsuit. However, defendant's argument fails for the same reason as it did when considering commonality. The claim of the representative party and of the class is the same; that claim being that defendant treated Blacks in a different manner than Whites. The fact that defendant may assert that the treatment in individual cases were the result of justifiable and lawful reasons, does not destroy typicality. Such assertions are a matter of defense to the typical claim. *See Vuyanich v. Republic National Bank of Dallas,* 82 F.R.D. 420 (N.D.Tex.1979).

■ Furthermore, even though the alleged discrimination may have affected class members in a different manner from the class representative, also would not destroy typicality. The typicality requirement does not require that an identical harm result from the same type of practice. *Republic National Bank of Dallas, supra* at 433. *See also, Satterwhite v. City of Greenville,* 578 F.2d 987 (5th Cir.1978).

Thus, the Court holds that plaintiff has submitted enough evidence to meet the typicality prerequisite.

### D. *Adequate Representation.*

■ Under 23(a)(4), plaintiff must show that "the representative parties will fairly and adequately protect the interests of the class." This factor is usually analyzed from two perspectives; from the standpoint of the class representative and from the standpoint of the class representative's attorney. Adequacy of class representation is crucial to assure that the absent class members are not deprived of due process and that the final judgment is binding. *Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940).

As to plaintiff herself, there is no contention that her interests are antagonistic to the class or that she is involved in a collusive suit. Defendant, however, raises two arguments challenging plaintiff's status as a representative of the class. Defendant claims that plaintiff lacks knowledge as to the facts and law of the suit and defendant claims that plaintiff lacks the financial resources to adequately pursue the class issues involved.

■ As to defendant's first argument, it should be recognized that plaintiff is a lay person and is not expected to understand the legal complexities of the lawsuit. The test of adequacy is that the representative must be of such a character as to assure the vigorous prosecution of the action so that the class member's rights are certain to be protected. *Gonzales v. Cassidy,* 474 F.2d 67, 72 (5th Cir.1973); *Scott v. City of Anniston,* 90 F.R.D. 267, 281 (N.D.Ala.1981).

The Court finds that plaintiff has sufficient knowledge of this suit and has sufficient interest so that she would "vigorously litigate the suit." *Hernandez v. United Fire Insurance Co.,* 79 F.R.D. 419 (N.D.Ill. 1978). As far as the actual funding of the costs of suit, the Court finds that the arrangement between plaintiff and her attorney is both proper and would make available enough funds to litigate the suit. *See* American Bar Association, Committee on Ethics and Professional Responsibility, Informal Opinions 1283, 1284 and 1326.

As to plaintiff's attorney, the Court finds a much closer question. This suit was filed in early 1977, and the suit has only progressed to the preliminary stages. Although the Court recognizes that this delay is not due entirely to plaintiff's attorney, he does, however, have the principle duty of moving the case. Furthermore, plaintiff's attorney is a member of a two man law office which has a large number of open files. The Court has some doubt as to his capacity, as far as time is concerned, in handling this case. However, plaintiff's attorney has appeared before this Court on several occasions, including class action suits, and the Court has found him to represent his clients fully and capably. The Court finds that this latter factor, at least at this point, outweighs any doubts the Court has about quality of representation which would be provided to the class members.

Thus, the Court finds that plaintiff has submitted enough evidence to meet the adequate representation requirements.

### E. *Action on Grounds Generally Applicable to the Class.*

Since the Court has found that plaintiff met the prerequisites of 23(a), the Court must also find that plaintiff meets the requirement of 23(b)(2), before the class can be certified. *See Huff v. N.D. Cass Co.,* 485 F.2d 710, 712 (5th Cir.1973).

Under 23(b)(2) plaintiff must show that defendant "has acted or refused to act on grounds generally applicable to the class.

As stated by Judge Higginbotham,

The term "generally applicable" has been interpreted to mean "that the party opposing the class does not have to act directly against each member of the class. As long as his actions would affect all persons similarly, his acts apply generally to the whole class" . . . Rule 23(b)(2) is closely linked to the 23(a)(2) requirement that the plaintiff show existence of a class raising "common questions of law or fact."

*Quigley v. Braniff Airways, Inc.,* 85 F.R.D. 74, 79 (N.D.Tex.1979).

The Court has already found that plaintiff met the requirements of 23(a)(2), and that finding and the discussion as to that finding are directly applicable to the (b)(2) prerequisite. The Court finds that plaintiff has shown that defendant acted in a way which applies generally to the whole class.

However it should be kept in mind, as pointed out by Judge Higginbotham,

that at this stage of the proceeding the issues are whether common questions exist and whether the defendant allegedly acted or fail to act in a manner generally applicable to the class—not whether the defendant is actually guilty of discrimination.

*Quigley v. Braniff Airways, Inc., supra* at 79.

### F. *Class Description.*

■ The description of the class must be sufficiently definite so that it is administratively feasible for the Court to determine whether a particular individual is a member. *See De Bremaecker v. Short,* 433 F.2d 733 (5th Cir.1970); *Barlow v. Marion County Hospital District,* 88 F.R.D. 619 (M.D.Fla. 1980).

#### 1. *Equitable Restitution.*

■ As far as plaintiff's claim for injunctive and declaratory relief, the Court is not opposed to amorphous or indeterminate class definition. However, as to plaintiff's claim for equitable relief the Court expresses deep concern that such relief will be received by those who are not really entitled to such relief, if the definition of the class is broadly drawn. It is quite possibly true that many Blacks were treated fairly and on an equal basis with Whites, therefore as to them such monetary relief would not be equitable. The Court will therefore, conditionally certify the class as to the issue of equitable restitution and await the outcome of further discovery and the trial on the merits to determine whether such equitable restitution is feasible and justified.

#### 2. *Personal Injury Protection and Uninsured Motorist Claims.*

■ Plaintiff's original complaint and amended complaint do not mention personal injury protection or uninsured motorist claims. Furthermore, during the certification conference, plaintiff offered credible evidence showing that defendant had discriminated against own insured, when a personal injury protection or uninsured motorist claim was involved. Thus, the Court holds that personal injury protection or uninsured motorist claims cannot be a class issue.

#### 3. *Time.*

Plaintiff offered no credible evidence showing that defendant discriminated against Blacks prior to 1975. Thus, the Court holds that the cut-off date for the class is January 29, 1975.

### II. *Conclusion*

The Court hereby CERTIFIES the following Rule 23(b)(2) Claim.

All Blacks who have been discriminated against because of their race by defend-

ant, in the disposition of their personal injury claims against defendant, which arose out of injuries sustained in automobile collisions that were negligently caused by people insured by defendant, subject to the following limitations.

1. The Class will be limited to Blacks who were Texas residents at the time of the accident causing personal injury to them.

2. All personal injury claims, made before January 29, 1975, are barred from the Class.

3. All claims for equitable restitution are conditionally certified.