Beatrice B. McWATERS, et al.,

v.

**FEDERAL EMERGENCY MANAGEMENT AGENCY, et al.**

No. CIV.A. 05–5488.

United States District Court, E.D. Louisiana.

June 30, 2006.

John K. Pierre, John K. Pierre, Attorney at Law, Baton Rouge, LA, Daniel Lawrence Greenberg, Howard Owen Godnick, Jeffrey Sabin, Michael Samuel Chernis, Sena Hae Won Kim-Reuter, Schulte, Roth & Zabel, New York, NY, John C. Brittain, Lawyers Committee for Civil Rights Under Law, Washington, DC, Steve Ronfeldt, Oakland, CA, for Beatrice B. McWaters, et al.

Michael Sitcov, Elisabeth Layton, W. Scott Simpson, U.S. Department of Justice Civil Division, Washington, DC, for Federal Emergency Management Agency, et al.

## ORDER

DUVAL, District Judge.

Before the Court is plaintiffs' Motion for Class Certification pursuant to Fed.R.Civ.P. 23(b) (Rec.Doc. No. 80). After review of the pleadings and memoranda, as well as having held a hearing on the Motion on February 23, 2006, the Court **GRANTS** the Motion as follows.

### Background

Plaintiffs have filed this motion for Class Certification in reference to *McWaters, et al. v. FEMA, et al.*, CA 05–5488.[1] Plaintiffs define the proposed class as follows:

All persons who, as of August 29, 2005, (i) resided in either Louisiana, Mississippi, or Alabama; (ii) resided in areas declared to be Federal Disaster Areas; (iii) were displaced from their pre-disaster primary residences or whose pre-disaster primary residences have been rendered uninhabitable as a result of damage caused by Hurricane Katrina; and (iv) have applied for or will apply, for Temporary Housing Assistance under the Stafford Act, pursuant to 42 U.S.C. § 5174 and the federal regulations promulgated thereunder, and (v) have applications for Temporary Housing Assistance or Continued Rental Assistance that (a) are still pending; (b) were or will be erroneously denied under the Shared Household Rule; (c) have been or will be delayed due to the SBA loan application requirement; (d) were or will be otherwise erroneously denied; or (e) have been or will be granted, but who have received or will receive Temporary Housing Assistance or Continued Rental Assistance which is not adjusted to reflect the current fair market rental rates for the accommodations.

Plaintiffs argue their case is ideal for adjudication under Rule 23 because (i) the proposed class of plaintiffs consists of tens of thousands of people; (ii) the issue of FEMA's illegal and unconstitutional denial of housing benefits is common to the claims of each member of this proposed class; (iii) the claims of the representative plaintiffs are substantially similar and based on the same legal theories as those of absent class members, and therefore, are typical; and (iv) the representative plaintiffs and their counsel will fairly and adequately represent the interests of all absent class members. Plaintiffs are not seeking an individual adjudication of each of their claims and entitlements to assistance; rather they seek injunctive and declaratory relief as a class with respect to FEMA's allegedly illegal policies and practices in processing individual assistance claims. Additionally, because individual actions could create the risk of incompatible standards of conduct for defendants, and because defendants have acted on grounds generally applicable to the whole class, injunctive and declaratory relief with respect to the whole class is appropriate and necessary. Plaintiffs seek certification under Rule 23(b)(1)(A) and (b)(2).

Plaintiffs argue their putative class is too numerous for joinder to be practical. Plaintiffs also argue that one key purpose of the class action is to allow individual litigants of modest economic means to have effective access to the judicial process. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Finally, prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications establishing incompatible rules of law for the provision of disaster relief.

As to commonality, the members of the proposed class share a common goal: challenging FEMA's unlawful policies and procedures regarding its Temporary Housing Assistance Program. Rule 23(a)(2) does not require that plaintiffs be absolutely identical, or even that all issues of law and fact must be the same; there need only be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Rule 23(a)(2) "does not require complete identity of legal claims" among class members. *Johnson v. Am. Credit Co.*, 581 F.2d 526, 532 (5th Cir.1978). It requires only that "there be at least one issue whose resolution will affect all or a significant number of the putative class mem-

---

1. For a recitation of the history of this litigation, see Rec. Doc. No. 135; *see also McWaters v.* *Federal Emergency Management Agency*, 408 F.Supp.2d 221 (E.D.La.2005).

bers." *Stewart v. Winter*, 669 F.2d 328, 335(5 th Cir.1982). The fact that some of the plaintiffs may have different claims, or claims that may require some individualized analysis, is not fatal to commonality. *James v. City of Dallas*, 254 F.3d, 551, 570 (5th Cir. 2001); *see also White v. Mathews*, 559 F.2d 852, 858(2d Cir.1977)(affirming class certification for plaintiffs seeking to address the "glacial pace" by which the Social Security Administration adjudicated disability payment claims and noting that "plaintiffs all seek social security disability benefits through the identical administrative process, all have requested hearings after initial adverse rulings, and all have endured long delays before hearing."); *Ortiz v. Eichler*, 616 F.Supp. 1046, 1049–50 (D.Del.1985)(certifying a class of plaintiffs who alleged that "the practices employed by [Delaware Department of Heath and Human Services] in providing notice and a hearing before reducing or terminating public assistance benefits violated their procedural rights under federal regulations and the United States and Delaware Constitutions"); *Boulet v. Cellucci*, 107 F.Supp.2d 61, 81 (D.Mass.2000)(granting class certification and noting that plaintiffs "share a common legal theory that adults eligible for waiver services are not being provided such services with reasonable promptness and, therefore, [plaintiffs satisfy] the commonality and typicality requirements of Rule 23(a)").

In the instant case all putative class members share a common legal question regarding whether they are entitled to receive information regarding the scope and conditions and how to continue to receive Temporary Housing Assistance under the Stafford Act, the Due Process Clause, and the Administrative Procedure Act ("APA"). All class members also share a common legal question regarding whether they are entitled under the above laws to receive Temporary Housing Assistance in a timely manner, as well as a definition of what constitutes "timely." Members of the class share a common factual question in that they have been subjected to procedures applied by FEMA that have led to significant delays in the provision of assistance. Many class members also share a common legal question regarding the appropriate application of the Shared Household Rule, as well as a related common factual question regarding whether their applications have been erroneously denied or delayed due to the misapplication of this rule. Finally, many members share a common legal question regarding the appropriate application of the SBA loan requirement and a factual question as to whether their applications have been inappropriately delayed due to a misapplication of the SBA loan application requirement.

As to typicality, the named plaintiffs aver that their claims are typical of all proposed class members in that each named plaintiff, due to the challenged policies and practices of FEMA, (a) has been displaced by Hurricane Katrina and/or had their primary pre-disaster residence rendered uninhabitable; (b) is eligible for Temporary Housing Assistance or Continued Rental Assistance; and (c) has applied for Temporary Housing Assistance or Continued Rental Assistance and had it delayed or denied. The representative plaintiffs share a common goal because they want FEMA to provide them with notification regarding the full range of benefits available, the criteria for each, and provision of such benefits in a timely manner.

Finally, the representative plaintiffs will fairly and adequately represent and protect the interests of the class because each named plaintiff has suffered and seeks redress from the same or similar harm as all other members of the class. Furthermore counsel representing the purported class are experienced litigators in both the class action and *pro bono* fields.

Plaintiffs seek class certification under FRCP 23(b)(1)(A), arguing that defendants are required by law to apply a uniform set of rules and procedures in considering applications for Temporary Housing Assistance, and separate actions brought by individual class members could establish incompatible standards of conduct for defendants. Further, FRCP 23(b)(2) requires that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class

as a whole. Defendants' actions, inactions, regulations, practices, and procedures apply to the members of the class as a whole. Also, because plaintiffs seek only injunctive and declaratory relief rather than monetary damages, Rule 23(b)(2) certification is appropriate. Finally, because defendants have used standardized notification practices, policies, and forms that varied little, if at all, from person to person, class wide injunctive relief is needed.

Defendants argue that plaintiffs' purported class definition fails because plaintiffs cannot meet any of the requirements of Rule 23(a). Additionally, defendants argue plaintiffs claims do not fall within Rule 23(b)(2) because of a lack of homogeneity amongst putative class members and their claims.

As to commonality, defendants argue that plaintiffs' proposed class definition defeats commonality on its face because determining whether a given individual is even a member of the putative class depends upon a multitude of individualized factual determinations. Specifically, plaintiffs are not seeking a "government benefit" to which they are all equally and clearly either entitled or not, as a group; and determining whether any particular individual is a member of the putative class would itself require an individualized factual determination such that "commonality" cannot be established. Defendants argue that this case is not a typical governmental benefits case wherein Rule 23(b)(2) certification would normally be appropriate. Defendants state that in typical benefits cases there is usually a simple challenge to a specific statutory provision, regulation or agency policy as to which all members of the putative plaintiff class are similarly situated. See, e.g. *Califano v. Yamasaki,* 442 U.S. 682, 701, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979)(wherein Supreme Court held that a class of social security beneficiaries claiming the opportunity to request a hearing prior to initiation of recoupment procedures was proper, stating that "it is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue."); *see also Mertz v. Harris,* 497 F.Supp. 1134, 1138 (S.D.Tex.1980). But here, plaintiffs do not challenge a government statute, regula-

tion, or policy *as written* (which could lend itself to class treatment); rather they challenge the uneven, and sometimes improper, implementation of official FEMA policies by individual FEMA employees in processing applications. Plaintiffs seek to enjoin what they allege is a widespread problem of *mis-application* of standard policies to *individual* applicants for FEMA assistance; such a challenge implicitly concedes a lack of commonality.

Defendants also argue that under the proposed class definition, any individual seeking to establish membership in the plaintiff class would have to prove a set of individualized facts, including residence as of August 29, 2005 in Louisiana, Mississippi, or Alabama, residence in areas later declared to be Federal Disaster Areas, and being displaced from a primary residence or having that residence rendered "uninhabitable as a result of damage caused by Hurricane Katrina." Next a class member would have to establish that they applied for either Temporary Housing Assistance or Continued Rental Assistance, and then establish that either or both of those applications were either "still pending" at some fixed point in time or was/were erroneously denied under the Shared Household Rule, and/or that the application was additionally delayed due to the alleged SBA requirement, and/or that the individual had received Temporary Housing Assistance or Continuing Rental Assistance that is not current-market-rental-rate adjusted. Finally, the most individualized determination would then need to be made, namely whether or not a potential class member who is eligible for assistance has committed fraud. Defendants argue this is simply too complicated for a class determination. As to commonality, defendants argue that some portions of plaintiffs' class definitions are prohibited because they would require the Court to determine liability in order to determine class membership. Categories (b) and (d) refer to people whose Temporary Housing Assistance or Continued Rental Assistance benefits were "erroneously denied." Defendants argue that this would mean that an individual whose claim was properly denied would not be a member of the class but this class definition would "require the court to ad-

dress the central issue of liability" in order to determine class membership, *Kenro v. Fax Daily, Inc.*, 962 F.Supp. 1162, 1169 (S.D.Ind. 1997), and class certification must be denied where membership may only be determined by such an individualized determination on the merits. *See, e.g. Adashunas v. Negley,* 626 F.2d 600, 604 (7th Cir.1980). As to any of plaintiffs' economic discrimination claims, defendants argue that plaintiffs have invoked the claim of "discrimination" solely in an effort to cast a disjointed set of individual claims as a common class-wide claim for relief.

Defendants also aver that plaintiffs have not and cannot demonstrate typicality or adequacy of representation, for many of the same reasons they cannot demonstrate commonality. The individualized nature of each applicant's claim for benefits means not only that factual claims are uncommon class-wide but also that the named plaintiffs' claims cannot possibly be typical of the other hundreds of thousands of unnamed putative class members. Plaintiffs thus cannot demonstrate under Rule 23(a)(4) that they "will fairly and adequately protect the interests of the class," and conflicts will necessarily arise due to the fact the putative class representatives' claims are atypical. *See Amchem Prods. Inc. v. Windsor,* 521 U.S. 591, 626 n. 20, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Consequently, class certification should be denied.

Alternatively, even if plaintiffs meet the requirements of Rule 23(a) they cannot carry their burden to satisfy the requirements of Rule 23(b). Plaintiffs seek either Rule 23(b)(1)(A) or Rule 23(b)(2) certification. First, defendants argue that because FEMA is not seeking any protections under a Rule 23(b)(1)(A) certification, the Rule should not apply to them. *See In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.,* 174 F.R.D. 332, 354 (D.N.J.1997)(denying request to certify (b)(1) class and noting that "[t]he fact that defendants are not seeking to in-

voke the protection of the rule further indicates that that provision is inapposite here."). As to Rule 23(b)(2) certification, defendants state that such a certification is proper only where "uniform group remedies ... may ... be awarded without requiring a specific or time-consuming inquiry into the varying circumstances and merits of each class member's individual case," *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 413 (5th Cir.1998). Such is not the case here so certification should be denied.

### Legal Standard

Class certification is governed by Fed. R.Civ.P. 23, the provisions of which are designed to promote the efficient and economical conduct of litigation. *Amer. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 553, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Class relief is appropriate when "the issues involved are common to the class as a whole" and when they "turn on questions of law applicable in the same manner to each member of the class." *General Telephone Co. v. Falcon,* 457 U.S. 147, 155, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). An action may proceed as a class action where the party seeking certification demonstrates that all four requirements of Fed.R.Civ.P. 23(a) are met, and at least one of the three requirements of FRCP 23(b) is met. *Vizena v. Union Pac. R.R. Co.,* 360 F.3d 496, 503 (5th Cir.2004). The four requirements for maintaining a class action under Rule 23(a) [2] are:

1) the class is so numerous that joinder of all members is impracticable;

2) there are questions of law or fact common to the class;

3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4) the representative parties will fairly and adequately protect the interests of the class.

---

**2.** The complete text of Rule 23(a) provides:
(a) Prerequisites to a Class Action.
One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are

questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

The Fifth Circuit test for commonality "is not demanding and is met where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 625 (5th Cir.1999). The test for typicality also "is not demanding. It focuses on similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir.2001). Typicality does not require a complete identity of claims. *Id.* Rather the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. *Id.* Factual differences will not defeat typicality if claims arise from a similar course of conduct and share the same legal theory. *Id.* The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." A determination of adequacy requires "an inquiry into the zeal and competence of the representative's counsel and into the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees." *Horton v. Goose Creek Independent Sch. Dist.*, 690 F.2d 470, 484 (5th Cir.1982).

To be certified as a class action plaintiffs must also demonstrate that they satisfy at least one of the categories set forth in Rule 23(b),[3] like the defendant "has acted or refused to act on grounds generally applicable to the class" and injunctive or declaratory relief would prevail, Fed.R.Civ.P. 23(b)(2), or where common issues predominate and a class action is the "superior" means to handle the litigation, Fed.R.Civ.P. 23(b)(3). In *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir.1998) the Fifth Circuit explained the differences between the three types of class actions under Rule 23(b):

> The (b)(1) class action encompasses cases in which the defendant is obliged to treat class members alike or where class members are making claims against a fund insufficient to satisfy all of the claims... the (b)(2) class action [ ]was intended to focus on cases where broad, class wide injunctive or declaratory relief is necessary ... the (b)(3) class action was intended to dispose of all other cases in which a class action would be "convenient and desirable,"including those involving large-scale, complex litigation for money damages.

*Id.* at 412. Rule 23(b)(1)(A) is satisfied when "the prosecution of separate actions by ... individual members of the class would ... create a risk of inconsistent or varying adjudications ... which would establish incompatible standards of conduct for the [defendants]." Fed.R.Civ.P. 23(b)(1)(A). Fed R. Civ. P. 23(b)(2) requires that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole. Fed.R.Civ.P. 23(b)(2). Additionally, "because of the group nature of the

---

3. The full text of Rule 23(b) states:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
(1) the prosecution of separate actions by or against individual members of the class would create a risk of
 (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
 (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable

to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. Fed.R.Civ.P. 23(b).

harm alleged and the broad character of the relief sought, the (b)(2) class is, by its very nature, assumed to be a homogenous and cohesive group with few conflicting interests among its class members." *Allison,* 151 F.3d at 412.

### Analysis

■■■ In their action for injunctive relief, the Court finds plaintiffs have successfully established the requisites for certification under Rule 23(a). The Court finds that taking into account of a reasonable estimate of the number of purported class members, their geographical dispersion, and the ease with which they may be identified, the class is so numerous that joinder of all plaintiffs is impracticable. *See Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030, 1038 (5th Cir. 1981). Furthermore, as outlined in the Court's June 16, 2006 Order, evidence presented at the permanent injunction hearing on February 23 and 24, 2006 reveals there are questions of law and fact common to the class, and that the claims and defenses of the class representatives are typical of the claims of the class as a whole. The Court finds that the named plaintiffs will fairly and adequately protect the interests of the proposed class as each named plaintiff seeks redress from the same or similar harm as all other members of the class. Additionally, throughout the course of these proceedings plaintiffs' counsel have proven themselves as experienced and prepared litigators, and the Court has no doubt as to their competence in litigating this matter.

■■■ Finally, plaintiffs seek only injunctive and declaratory relief rather than monetary damages. Where such relief is sought class certification is appropriate under Rule 23(b)(2). *See Allison,* 151 F.3d at 411.

As a result of the June 16, 2006 Order, a number of plaintiffs' claims were dismissed or determined not to warrant injunctive relief. However, the Court did grant relief on two issues: 42 U.S.C. § 5174(a)(2) (the "SBA Loan application requirement" issue),[4] and also, section 403 and section 502 of the Stafford Act (42 U.S.C. §§ 5170b and 5192) and the funding of the Short–Term Lodging Program under Section 408.[5] Therefore, any certification of a class is necessarily limited to the relief granted.

However, FEMA has consistently taken the position that any relief should apply to only the named plaintiffs despite the fact that FEMA has uniform policies and procedures that apply equally and uniformly to all applicants. Portions of the Court's Order may be self-executing; however the Court finds that because the relief granted is uniform and does not require a "specific or time-consuming inquiry into the varying circumstances and merits of each class member's individual case," *Allison,* 151 F.3d at 413, class certification is appropriate to insure that the granted relief will apply to all affected persons. Consequently, the Court finds that all relief ordered will also apply on a universal, class-wide basis as to those persons covered by the Court's June 16, 2006 Order (Rec.Doc. No.

---

4. Per 42 U.S.C. § 5174(a)(2) relief included enjoining defendants from, *inter alia:* requiring applicants for Temporary Housing Assistance to complete an SBA loan application or apply for an SBA loan as a prerequisite to receiving it; from mis-communicating the nature of Section 5174 to any Applicant so inquiring; requiring defendants continue to notify applicants who, as a result of any past mis-communication, filled out an unnecessary SBA loan application, or may not have pursued assistance because they were told incorrectly that they must apply for a SBA loan in order to obtain Temporary Housing Assistance, that no such requirement exists and that no applications will be held up for that reason; requiring defendants to continue to publicize same, and that only those applications requesting Other Needs Assistance as defined by the Stafford Act and determined by FEMA will be required to fill out an SBA Loan Application, and

in no case will such a Loan Application be required for Temporary Housing Assistance.

5. A synopsis of the relief granted included enjoining defendants from failing to give any evacuee currently participating in the Short–Term Lodging program two weeks from the time of receiving a determination of their application for assistance to remain in their present FEMA-subsidized hotel or motel before their participation in the Short–Term Lodging program was terminated such that participants in the Short–Term Lodging program who applied for Temporary Housing Assistance under Section 408 would have two weeks from the time of receiving a determination of their application for assistance to remain in their present FEMA-subsidized hotel or motel before their participation in the Short–Term Lodging program is terminated.

135) granting in part and denying in part plaintiffs' Motion for Injunction (Rec.Doc. 22) and defendants' Motion to Dismiss Case (Rec.Doc. 32).

Class certification is necessary in order to protect the interests of all persons affected by said Order, and as stated above, plaintiffs have demonstrated that Rule 23(b)(2) certification is appropriate. Yet, the Court finds that in terms of the June 16, 2006 Order, plaintiffs' proposed class definition is over-broad, and tailoring of plaintiffs' proposed class definition is required. Because district courts retain substantial discretion in managing their cases, the Court may take necessary measures, such as redefining the class and creating sub-classes, in order to properly manage a litigation. *See Chisholm v. Jindal,* No. 97–3274, 1998 WL 92272, at *6 (E.D.La. Feb.27, 1998). Consequently, the Court will certify a class as to:

> All persons who, as of August 29, 2005, (i) resided in either Louisiana, Mississippi, or Alabama; (ii) resided in areas declared to be Federal Disaster Areas; (iii) were displaced from their pre-disaster primary residences or whose pre-disaster primary residences have been rendered uninhabitable as a result of damage caused by Hurricane Katrina; and (iv) have applied for assistance; and/or (v) are participating the Short–Term Lodging program administered and funded by FEMA, whether under Section 403, Section 408, or Section 502 of the Stafford Act (42 U.S.C. §§ 5170b and 5174(e) and 5192); and/or (vi) were erroneously required or told by defendants to complete an SBA loan application or apply for an SBA loan as a prerequisite to applying for or receiving Temporary Housing Assistance in violation of 42 U.S.C. § 5174(a)(2).

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion for Class Certification (Rec.Doc. No. 80) is hereby **GRANTED** and the prerequisites to a class action under Rule 23(a) are satisfied, inasmuch as the class is so numerous that joinder of all plaintiffs is impracticable, there are questions of law and fact common to the class, the claims and defenses of the class representatives are typical of the claims of the class as a whole, and the class representatives for plaintiffs will fairly and adequately protect the interests of the proposed class.

**IT IS FURTHER ORDERED** that pursuant to Rule 23(b)(2), a Class consisting of the following persons shall be certified, which Class the Court finds is adequately defined and clearly ascertainable, as to:

> All persons who, as of August 29, 2005, (i) resided in either Louisiana, Mississippi, or Alabama; (ii) resided in areas declared to be Federal Disaster Areas; (iii) were displaced from their pre-disaster primary residences or whose pre-disaster primary residences have been rendered uninhabitable as a result of damage caused by Hurricane Katrina; and (iv) have applied for assistance; and/or (v) are participating the Short–Term Lodging program administered and funded by FEMA, whether under Section 403, Section 408, or Section 502 of the Stafford Act (42 U.S.C. §§ 5170b and 5174(e) and 5192); and/or (vi) were erroneously required or told by defendants to complete an SBA loan application or apply for an SBA loan as a prerequisite to applying for or receiving Temporary Housing Assistance in violation of 42 U.S.C. § 5174(a)(2).