**William A. WIGGINS**

v.

**ENSERCH EXPLORATION, INC. and E.P. Operating Company.**

**No. 05–86–01180–CV.**

Court of Appeals of Texas, Dallas.

Dec. 11, 1987.

Rehearing Denied Jan. 21, 1988.

Ronald H. Williamson, Sulphur Springs, for appellant.

Stuart C. Hollimon, Dallas, for appellee.

Before HOWELL, McCLUNG, and STEWART, JJ.

HOWELL, Justice.

William R. Wiggins and Wiggins Brothers, Inc. appeal the district court's order certifying Wiggins Brothers, Inc. (defendant) as the representative of a class of defendants consisting of the royalty interest owners in the Opelika Gas Unit situated in Henderson County, Texas.[1] In three points of error, defendant asserts that the district court abused its discretion in concluding that the facts of this case meet the requirements of Rule 42 of the Texas Rules of Civil Procedure. Because defendant's contentions are without merit, we affirm the trial court's certification order.

Ensearch Exploration, Inc. and E P Operating Company (plaintiffs) sued William R. Wiggins and defendant, seeking a declaratory judgment construing several pooling agreements each of which contains an identical royalty provision. The several pooling agreements were combined to form the unit.[2] A dispute exists as to whether royalties due on gas produced from the unit that is sold and delivered to unaffiliated third parties at the tailgate of the Opelika processing plant should be based on the market price at the wells or on the proceeds that plaintiffs actually receive from the sale of such gas. Plaintiffs contend that royalties are determinable on the latter basis while defendant contends that royalties are to be based on the market price at the well. Plaintiffs also allege that all or most of the royalty owners in the unit have been overpaid in the past because

plaintiffs have erroneously followed the wellhead basis. In addition to declaratory relief, plaintiffs seek recovery of the alleged overpayments. In order to obtain relief against the approximately 1300 royalty owners, plaintiffs filed a motion to certify all royalty owners in the unit as a class of defendants and to certify defendant as the class representative. The district court granted plaintiffs' motion for certification and defendant has appealed.

Our review of the district court's certification order is limited to determining whether the court abused its discretion. *Parker County v. Spindletop Oil & Gas Co.*, 628 S.W.2d 765, 769 (Tex.1982); *RSR Corp. v. Hayes*, 673 S.W.2d 928, 930 (Tex. App.—Dallas 1984, writ dism'd). A trial court abuses its discretion when it fails to properly apply the law to undisputed facts, but not when it bases its decision on conflicting evidence. *RSR*, 673 S.W.2d at 930.

■ To qualify as a class action, the circumstances of the case must meet all the prerequisites in Rule 42(a) and at least one of the requirements of Rule 42(b). TEX.R. CIV.P. 42. In its first point of error, defendant asserts that the trial court abused its discretion by concluding that the circumstances of this case meet the requirement of Rule 42(a)(3),[3] which provides that one member of a class may be sued as a representative party on behalf of all class members only if "the claims or defenses of the representative part[y] are typical of the claims or defenses of the class...." TEX. R.CIV.P. 42(a)(3). This "typicality" requirement is satisfied when the evidence shows that the claims or defenses of the class representative have the same essential characteristics as those of the class as

---

**1.** Defendant is authorized to appeal the interlocutory certification order under section 51.014(3) of the Texas Civil Practice and Remedies Code.

**2.** The common royalty provision of the agreements reads:

On gas, exclusive of the condensate separated therefrom in a recycling plant or repressuring plant in the field, produced from said land and sold or used off the land and not otherwise reserved herein for lessor's use or lessee's use or returned to well or wells in the

field, the market price at the well of one-eighth (⅛) of the gas so sold or used, provided that if and when lessee shall sell such gas at the wells, or at such plant or plants, lessor's royalty thereon shall be one-eighth (⅛) of the amount realized from such sale.

**3.** Defendant does not contest the court's conclusion that the facts of this case meet the conditions found in subsections (1) and (2) of Rule 42(a).

a whole. *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir.1985).[4] The claims or defenses need not be identical or perfectly coextensive, only substantially similar. *Thillens, Inc. v. Community Currency Exchange Ass'n*, 97 F.R.D. 668, 678 (N.D. Ill.1983).

Defendant contends that the "typicality" requirement is not met because plaintiffs presented no evidence that they had overpaid royalties to defendant or to any other class member, or that they sold gas from the unit to any third parties that are not affiliated with plaintiffs. Of course, the issues of plaintiffs' overpayments of royalties and sales of gas to unaffiliated third parties are issues that concern the merits of plaintiffs' claim against defendant and the rest of the class. However, the probability of plaintiffs' success on the merits of their claims is an improper standard by which to measure the propriety of class certification. *See Huff v. N.D. Cass Co.*, 485 F.2d 710, 712 (5th Cir.1973); *Smith v. Lewis*, 578 S.W.2d 169, 172 (Tex.Civ.App.— Houston [14th Dist.] 1979, writ ref'd n.r.e.). Thus, plaintiffs' alleged failure to present evidence on the merits of their claims is irrelevant in deciding whether the "typicality" requirement has been met.

The evidence established that a single royalty provision governs the payment of royalties to defendant and to every other member of the class. Thus, any defense to plaintiffs' allegation of royalty overpayment would arise from a single factual and legal basis, regardless of the identity of the class member against whom the claim might be asserted. Because any claim or defense raised by defendant necessarily would be substantially similar to any claim or defense of the class as a whole, we hold that the trial court did not abuse its discretion in concluding that plaintiffs met the "typicality" requirement of Rule 42(a)(3).

■ Defendant asserts next that the trial court abused its discretion in concluding that defendant will fairly and adequately represent the interests of the defendant

class. *See* TEX.R.CIV.P. 42(a)(4). Inasmuch as this case involves the certification of a defendant class, we must closely scrutinize the adequacy of representation to ensure that plaintiffs have not purposely selected a weak adversary to represent the class. *Thillens*, 97 F.R.D. at 679; *see also* Wright, Miller & Kane, *Federal Practice & Procedure* § 1770 (2d ed. 1986). The basic elements of this requirement are (1) an absence of antagonism between the representative and the class members and (2) an assurance of a vigorous defense by the representative. *Mertz v. Harris*, 497 F.Supp. 1134, 1139 (S.D.Tex.1980). Defendant contends that neither element is satisfied here.

■ First, defendant claims that its interests are irreconcilably antagonistic to those of the other class members. This antagonism allegedly arises because the class members acquired different kinds of royalty interests (e.g., term, perpetual, participating, nonparticipating) in many different manners, and because defendant allegedly contests the validity of the unit. We perceive no reason why the type of royalty interest owned by a class member or the manner of its acquisition will give rise to conflicting postures by class members at the trial on the merits. The royalty rights of all class members are governed by an identical royalty provision, which makes no distinction according to the particular type of royalty interest owned.

Neither do we perceive that questions as to the unit's validity will cause antagonism between defendant and the rest of the class. At the certification hearing, defendant's president, William R. Wiggins, conceded that although he questions the unit's validity, he has not asserted such a claim in past lawsuits. Neither has defendant raised any counterclaim concerning the unit's validity in this action. Future actions questioning the unit's validity would not concern the subject matter of this lawsuit, specifically, the construction of the common royalty provision. *See* Wright, Miller & Kane at § 1768. We conclude

4. Because Rule 42 is patterned after FED.R. CIV.P. 23, federal decisions are persuasive in interpreting the Texas rule. *RSR*, 673 S.W.2d at 931–32.

that the trial court did not abuse its discretion in finding that "[defendant] has no interest adverse to the other royalty owners in the ... Unit insofar as this action is concerned."

■ Defendant claims further that it cannot fairly and adequately represent the class members because it has neither the financial nor the technical ability to function alone as the sole class representative. The trial court has found to the contrary; the finding is not without basis in the record; therefore, we find no abuse of discretion. *See* Wright, Miller & Kane at § 1766. The main consideration surrounding the requirement of fair and adequate representation is "the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class, so as to insure them due process." *Mersay v. First Republic Corp. of America*, 43 F.R. D. 465, 470 (S.D.N.Y.1968). The evidence indicates that, even as the sole representative, defendant will vigorously defend the interests of the class in this action. The size of defendant's royalty interest is among the twenty largest in the class of approximately 1300. Some major oil companies own interests larger than defendant's. However, the position taken by plaintiffs may indirectly be more financially advantageous to those companies because it is likely that they are paying royalties under similar provisions elsewhere. Defendant is not burdened with similar obligations that might undermine its incentive to defend the case.

Indeed, defendant has shown a continuing interest in the proper calculation and payment of royalties on gas produced from the unit. Defendant has questioned plaintiffs' calculation methods in the past and has even audited plaintiffs' records to verify the proper payment of royalties on the unit's gas production. At the certification hearing, William R. Wiggins agreed that defendant intends to do the best it can to successfully defend plaintiffs' action in order to insure that defendant receives the highest possible royalty payments.

Nevertheless, defendant claims that it has neither the financial resources nor the technical support required to present a defense on behalf of so large a class. However, this is a factual question that the trial court has resolved against defendant. The finding is not unfounded; it follows that abuse of discretion has not been shown. We further note that the trial court retains the power to order further protection or to name additional representatives if the financial or technical burdens upon defendant become too great. *See* TEX.R.CIV.P. 42(c)(1); *Jones v. Diamond*, 519 F.2d 1090, 1098 (5th Cir.1975) (court should err in favor of maintaining class action because the certification decision is subject to modification at any time before final judgment). Defendant's second point is overruled.

In its final point of error, defendant contends that the district court abused its discretion in concluding that this action meets at least one of the requirements under Rule 42(b). Having satisfied the prerequisites of Rule 42(a), plaintiffs need satisfy only one of the four conditions in subdivision (b) to maintain this action as a class action.

■ Defendant asserts first that plaintiffs failed to plead Rule 42(b) properly. The contention is meritless. Although plaintiffs failed to plead for class certification in their Amended Original Petition, they set forth extensive allegations concerning class certification in their Motion for Certification of Defendant Class, including a section that illuminated the basis upon which plaintiffs assert compliance with Rule 42(b)(1)(A) and 42(b)(2). We hold the pleadings adequate. *See Barrett v. United States Civil Commission*, 69 F.R. D. 544, 555 (D.D.C.1975).

Alternatively, defendant asserts that plaintiffs failed to meet their burden of presenting evidence that established overpayments of royalty to all class members. However, plaintiffs were not required to prove the merits of their cause of action. Rather, they only needed to show that the circumstances of the case meet one of the requirements of Rule 42(b). *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94

S.Ct. 2140, 2153, 40 L.Ed.2d 732 (1974) (quoting *Miller v. Mackey International, Inc.,* 452 F.2d 424, 427 (5th Cir.1971)). The trial court concluded that plaintiffs' action was certifiable under 42(b)(2), which requires that "the party opposing the class has acted ... on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole...." TEX.R.CIV.P. 42(b)(2). We perceive two potential obstacles to certification under this subsection and hold each of them insufficient.

█ First, the language of 42(b)(2) can be read as providing that the "party *opposing* the class" must be the wrongdoer. If so, it would logically follow that the subsection is only available when relief is sought *in favor of* the class. *See, e.g., Stewart v. Winter,* 87 F.R.D. 760, 770 (N.D.Miss.1980). Accordingly, some courts have held that certification of a defendant class is outside the scope of this subsection. *See* Wright, Miller & Kane at § 1775 n. 15 and cases cited thereunder. For example, the Fourth Circuit has held that (b)(2) is restricted to cases "*when* a class of plaintiffs seeks injunctive relief against a single defendant—*the party opposing the class*—who *has acted* on grounds generally applicable to the plaintiff class." *Paxman v. Campbell,* 612 F.2d 848, 854 (4th Cir.1980) (en banc), *cert. denied sub nom. Henrico County School Board v. Paxman,* 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 117 (1981) (emphasis in original and added). *Paxman* held that certification of a class of defendants, consisting of school boards in Virginia with mandatory maternity leave policies, was improper because "[t]o proceed under 23(b)(2) against a class of defendants would constitute the plaintiffs as 'the party opposing the class,' and *would create the anomalous situation* in which the plaintiff's own actions or inactions could make injunctive relief against the defendants appropriate." *Id.* (emphasis added).

Other courts have followed *Paxman's* reasoning. *See, e.g., Thompson v. Board of Education,* 709 F.2d 1200, 1203–04 (6th Cir.1983) (certification improper where pu-

tative class of defendants alleged to have unlawfully discriminated against pregnant teachers by treating pregnancy disabilities differently from other temporary disabilities); *Coleman v. McLaren,* 98 F.R.D. 638, 651–52 (N.D.Ill.1983) (certification improper where putative defendant class consisted of judges who enforced real estate tax assessment systems employed by several counties).

In each of these cases, the parties whose conduct was the target of the injunctive or declaratory relief were the parties who made up the putative defendant class; thus, the facts did not fall within the language of the rule, which requires that "*the party opposing the class* has acted or refused to act on grounds generally applicable to the class...." TEX.R.CIV.P. 42(b)(2) (emphasis added). In *Coleman,* 98 F.R.D. at 652, the class engaged in the conduct sought to be enjoined by plaintiffs. Defendants *were the* class rather than "the part[ies] opposing the class." Thus, the facts did not fit the language of the rule. Rather, the facts of *Paxman, Thompson,* and *Coleman* fit the pattern of the archetypical defendant class action in which the defendants, not the plaintiffs (i.e., the party opposing the class), are the ones charged as wrongdoers for having "acted or refused to act." *See Doss v. Long,* 93 F.R.D. 112, 118 (N.D.Ga.1981).

The case before us is distinguishable on its facts. Here, it is the plaintiffs, not the defendants, who have "acted or refused to act." Inasmuch as plaintiffs have done so "on grounds generally applicable to the class," plaintiffs may avail themselves of subsection (b)(2) if final injunctive or declaratory relief "is appropriate." Certification in this case will not create "the anomalous situation" described in *Paxman,* 612 F.2d at 854. We hold that the facts of this case comport with the plain language of Rule 42(b)(2) and that there is no general proscription against certifying a defendant class under subsection (b)(2). *Cf. Stewart,* 87 F.R.D. at 770 (rule 23(b)(2) may be used to certify a *defendant class* that *seeks* injunctive or *declaratory relief as a practical matter when plaintiffs seek declaratory relief*). Thus, the plaintiffs in our

case have avoided the first obstacle to certification under this subsection.

The second obstacle arises from the requirement that the party opposing the class seek "final injunctive relief or *corresponding* declaratory relief with respect to the class as a whole...." TEX.R.CIV.P. 42(b)(2) (emphasis added). The advisory committee note to the amendment of federal rule 23 states that "subdivision [ (b)(2) ] does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." FED. R.CIV.P. 23 (advisory committee note to 1966 amendment); *see also Wilcox Development Co. v. First Interstate Bank of Oregon, N.A.*, 97 F.R.D. 440, 444 (D.Ore. 1983); *Duran v. Credit Bureau of Yuma, Inc.*, 93 F.R.D. 607, 609 (D.Ariz.1982) (subsection (b)(2) is available "only where injunctive or declaratory relief is the primary reason for bringing the action and is not subordinate to a damage claim"). Thus, the declaratory judgment should not merely be the basis for a later award of damages. *Sarafin v. Sears, Roebuck & Co.*, 446 F.Supp. 611, 615 (N.D.Ill.1978) (certification under subsection (b)(2) improper when defendant had discontinued allegedly unlawful acts before suit was brought and, thus, only effect of declaratory judgment would be to provide foundation for damage claim).

In the case before us, plaintiffs seek (1) a declaration of the basis upon which they are obliged to pay royalties to the defendant class under the common royalty provision and (2) recovery of excessive royalties allegedly paid to members of the class since May 1983. Arguably, a declaratory judgment in plaintiffs' favor would serve as the basis for a damage award. However, a declaration in plaintiffs' favor would also perform the same function as an injunction because, unlike the defendant in *Sarafin,* plaintiffs have continued to act under the royalty provision in a manner that they presently seek to have declared invalid. *See Coleman,* 98 F.R.D. at 655 n. 7 (distinguishing *Sarafin* ). The incidental possibility that the declaratory judgment would also provide a basis for monetary recovery does not defeat certification under

(b)(2) because the predominant thrust of plaintiffs' prayer for relief is prospective in that it seeks the determination of the basis for their future royalty obligations. *See id.*

Moreover, disputes over the *primary* thrust of the action, whether primarily for injunctive or declaratory relief on one hand, or for money damages on the other hand, should be avoided because such characterizations neither promote disposition on the merits nor represent a useful expenditure of energy. *See* Wright, Miller & Kane at § 1775. If, as in the case at bar, the prerequisites of subsection (a) have been met and declaratory or injunctive relief is requested, the action should be allowed to proceed under (b)(2), especially in light of the trial court's power under rule 42(d)(1) (counterpart to federal rule 23(c)(4)(A)) to confine the class action to those issues pertaining to the declaratory aspects of the case and to cause the damage claims to be tried separately, if appropriate. *See id.;* TEX.R.CIV.P. 42(d)(1). It is sufficient that the declaratory aspects are major aspects, substantially more than incidental baggage added onto a case wherein money damages is the prime objective.

Accordingly, we hold that the trial court did not abuse its discretion in concluding that this action is certifiable as a class action under rule 42(b)(2).

The trial court's judgment is affirmed.