CEDAR CREST FUNERAL HOME, INC., et al., Appellants,

v.

Daniel LASHLEY, et al., Appellees.

No. 05–93–00003–CV.

Court of Appeals of Texas, Dallas.

Nov. 29, 1993.

Hubert A. Crouch, III, James M. Carlson, Crouch & Hallett, L.L.P., Roy L. Stacy, Michael C. Wright, Calhoun, Gump, Spillman & Stacy, Dallas, Ronald C. Lewis, Baker & Botts, L.L.P., Houston, Kenneth B. Tomlinson, Kenneth R. Stein, Matthews, Carlton & Stein, Ken Stone, Scott W. MacLaren, Gwinn & Roby, Barry H. Fanning, Fanning, Harper & Martinson, Stephen C. Scoettmer, Thompson & Knight, Calvin A. Barker, Jr., Barker, Block & Muscat, B. Prater Monning, III, Paul S. Leslie, Gardere & Wynne, Dallas, James P. Keenan, Buck, Rouner, Golden & Keenan, L.L.P., Houston, Richard Harrison, Henderson, Bryant & Wolfe, Sherman, Timothy M. Fults, Fults, Francis & Goodman, Dallas, Charles E. Webb, Fort Worth, Minor E. Pounds, Lancaster, Lynn Fielder, Fisk & Fielder, P.C., Rustin Polk, DeHay & Elliston, L.L.P., Dale B. Tillery, Tillery & Tillery, Kenneth R. Stein, Matthews, Carlton & Stein, L.L.P., Gary D. Elliston, DeHay & Elliston, L.L.P., Kenneth B. Tomlinson, Baker & Botts, Dallas, for appellants.

David Stagner, Stagner & Stagner, Roger Sanders, Sanders & Mumm, P.C., Sherman, for appellees.

Before McGARRY, C.J., and BAKER and ROSENBERG, JJ.

## OPINION

McGARRY, Chief Justice.

This is an interlocutory appeal from an order certifying a class action under rule 42 of the Texas Rules of Civil Procedure. TEX. R.CIV.P. 42. Appellants complain that the trial court abused its discretion in certifying the plaintiff-class because it does not meet the requirements of rule 42. Appellant Christian Mortuary Service further complains that the trial court abused its discretion in certifying the class because the named plaintiffs do not have individual standing to sue it. We reverse the order.

The plaintiffs' suit alleges that a number of funeral homes arranged for dead bodies to be embalmed as part of the instructional pro-

gram of Pierce Mortuary College [1] without the knowledge or consent of the decedents' families. They assert causes of action for deceptive trade practices, fraud, gross negligence, negligence, intentional infliction of emotional distress, unjust enrichment and breach of contract. They seek both monetary damages and injunctive relief on behalf of a class comprised of all the families involved.

When an action is brought as a class action, the trial court must conduct a hearing as soon as practicable to determine whether the suit may be maintained as a class action. TEX.R.CIV.P. 42(c)(1). At the hearing in this case, the parties stipulated that:

1. Dallas Institute [Pierce Mortuary College] records reflect the identity of some individuals embalmed with participation by the institute's clinical program;

2. students participated in varying degrees in embalmings done in connection with the clinical program;

3. each named plaintiff only dealt or communicated with the funeral home that handled that plaintiff's relative;

4. the specific representations of each funeral home may vary from case to case;

5. the terms of contracts between named plaintiffs and individual funeral homes may vary;

6. the cost of each funeral may vary;

7. contracts, if any, between unnamed class members and individual funeral homes may vary;

8. the cost of funerals paid by unnamed class members may vary;

9. no named plaintiff or proposed class member dealt or communicated directly with defendant Shaw or any mortuary service defendant or Mortuary College defendant, or with individual defendants doing business as a mortuary service or mortuary college; and

10. each named plaintiff and proposed class member may claim similar types of damages; however, the amount of damages, if any, may vary.

The trial court also heard testimony about Pierce's clinical instruction program, including the fact that the program uses approximately 1500 bodies per year for instructional purposes. Several of the named plaintiffs testified that the funeral home they used did not tell them that their deceased relative might be used for instructional purposes. However, several plaintiffs also testified that if their suits were to be brought individually, they would not be inconvenienced or harmed.

At the conclusion of the hearing, the trial court entered an order certifying a class of plaintiffs comprised of "the surviving spouse; children; the next of kin; other personal representatives; other heirs at law; or other persons who arranged or paid for the funeral services of any deceased person who was used for instructional embalming purposes by Pierce Mortuary Colleges, Inc., d/b/a Dallas Institute of Funeral Service, without the permission of the deceased or the personal representative of the deceased or the most immediate family member determined pursuant to the laws of descent and distribution of the State of Texas."

 Our review of a certification order under rule 42 is limited to determining whether the trial court abused its discretion. *Wiggins v. Enserch Exploration, Inc.*, 743 S.W.2d 332, 334 (Tex.App.—Dallas 1987, writ dism'd w.o.j.); *RSR Corp. v. Hayes*, 673 S.W.2d 928, 930 (Tex.App.—Dallas 1984, writ dism'd). A trial court does not abuse its discretion if it bases its decision on conflicting evidence. *RSR Corp.*, 673 S.W.2d at 930. However, a trial court abuses its discretion when it does not properly apply the law to the undisputed facts. *Wiggins*, 743 S.W.2d at 334; *RSR Corp.*, 673 S.W.2d at 930. The trial court also abuses its discretion when it acts arbitrarily or unreasonably, *Angeles/Quinoco Sec. Corp. v. Collison*, 841 S.W.2d 511, 513 (Tex.App.—Houston [14th Dist.] 1992, no writ), or when it certifies a class based upon factual assertions not supported by competent evidence. *Mahoney v. Cupp*, 638 S.W.2d 257, 261 (Tex.App.—Waco

---

**1.** Pierce Mortuary College is a defendant in this suit but did not appeal the certification order.

1982, no writ). Rule 42 of the Texas Rules of Civil Procedure is patterned after corresponding rule 23 of the Federal Rules of Civil Procedure, and the decisions interpreting the federal rule are persuasive authority. *RSR Corp.*, 673 S.W.2d at 931–32; *Huddleston v. Western Nat'l Bank*, 577 S.W.2d 778, 780 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

## DO THE CLASS REPRESENTATIVES HAVE STANDING TO SUE?

■ In its first point of error, Christian Mortuary Service claims that the trial court abused its discretion in certifying the class because the named plaintiffs do not have standing to sue it. The other appellants have not raised the issue of standing as a point of error. However, standing is a component of subject matter jurisdiction. Either the parties or the court may raise the issue of standing for the first time on appeal. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex.1993). Consequently, on our own motion we consider whether the named plaintiffs have standing to sue. We conclude that they do.

■ Class and nonclass actions raise discrete problems of standing which the courts have generally failed to distinguish. *See generally*, Note, *Class Standing and the Class Representative*, 94 HARV.L.REV. 1637 (1981). In nonclass actions, standing consists of some interest peculiar to the person individually and not as a member of the general public. *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984). A person has standing to sue if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; (2) he has a direct relationship between the alleged injury and the claim sought to be adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused the plaintiff some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own. *Rodgers v. RAB Inv., Ltd.*, 816 S.W.2d 543, 546 (Tex.App.—Dallas 1991, no writ); *Precision Sheet Metal Mfg. v. Yates*, 794 S.W.2d 545, 551–52 (Tex.App.—Dallas 1990, writ denied).

■ In class actions the requirement that the named representative plaintiff have a personal stake in the form of a direct injury is less compelling on jurisdictional grounds. In such cases, the *class* itself is the real party in interest. If the unnamed members of the class satisfy the requirements of standing, then a real controversy exists between the class and the defendant, which should be sufficient to invoke the court's jurisdiction. *See Franks v. Bowman Transp. Co.*, 424 U.S. 747, 755–56, 96 S.Ct. 1251, 1259–60, 47 L.Ed.2d 444 (1976) (class action is constitutionally moot only if no controversy exists between unnamed class members and defendant). In more traditional representative actions involving fiduciaries, trustees or "next friends," the stake of the person or entity represented determines standing, not the stake of the representative. *See Brady v. Doe*, 598 S.W.2d 338, 339 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.), *cert. denied*, 449 U.S. 1081, 101 S.Ct. 864, 66 L.Ed.2d 805 (1981); *see also McGinnis v. McGinnis*, 267 S.W.2d 432, 435 (Tex.Civ.App.—San Antonio 1954, no writ). Logically, jurisdictional requirements imposed upon class representatives should be no more onerous.

The notion that a class representative must have individual standing to sue more appropriately resides in rule 42's requirement that "one or more *members of a class* may sue . . . as representative parties . . . only if . . . the claims . . . of the representative parties are typical." TEX.R.CIV.P. 42(a) (emphasis added). Thus, in federal cases, Professor Moore speaks of "Rule 23 standing" as distinct from constitutional standing. 3B MOORE'S FEDERAL PRACTICE ¶ 23.04 (2d. ed. 1993).

■ Nevertheless, the courts continue to confuse the concepts of jurisdictional standing and the "standing" of a party to represent a class under rule 42, by requiring the representative plaintiff to have individual standing. Thus, it is by now well established that before a plaintiff may establish his competency to represent a class under rule 42, he must first meet the threshold requirement

of standing to bring the action, for if the purported class representative fails to establish the requisite of a litigable controversy, he may not obtain relief on behalf of himself or any member of the class. *Texas Dept. of Mental Health & Mental Retardation v. Petty,* 778 S.W.2d 156, 164 (Tex.App.—Austin 1989, writ dism'd w.o.j.); *see also United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 404, 100 S.Ct. 1202, 1212, 63 L.Ed.2d 479 (1980) (representative must have "personal stake" in obtaining class certification). It is therefore necessary to determine whether the named representative plaintiffs meet the threshold requirement of individual standing to sue.

 Because standing is a component of subject matter jurisdiction, we consider the plaintiffs' standing under the same standard by which we review subject matter jurisdiction generally. That standard requires the pleader to allege facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Texas Ass'n of Business,* 852 S.W.2d at 446. We construe the pleadings in favor of the plaintiffs and look to the pleaders' intent. *Id.* If the plaintiffs lack standing, the trial court has no jurisdiction over the merits of the claim, and the entire cause must be dismissed. *Bell v. Moores,* 832 S.W.2d 749, 753–54 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

 A review of the pleadings in this case shows that each of the named plaintiffs clearly alleged a direct injury caused by wrongful conduct. Therefore, they have standing to bring suit for their individual injuries, and the trial court has subject matter jurisdiction to rule on the merits of those claims.

 The contentions of Christian Mortuary Service (Christian), however, require one further step in our analysis of the standing issue. Christian does not contend that the trial court lacked subject matter jurisdiction or that the entire suit should be dismissed. Instead, Christian argues that the representative plaintiffs lack standing *only as to it,* because their petition does not allege that Christian injured any of the representative plaintiffs. We note, in fact, that the plain-

tiffs' petition contains specific allegations of wrongdoing against less than half of the fifty-two named defendants. Christian's argument implies that all defendants against whom there are no claims by the representative plaintiffs should be dismissed on jurisdictional grounds. We disagree.

Christian cites as authority for its contention *Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727 (3d Cir.1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971). In that case, a shareholder in four mutual funds unsuccessfully sought to represent the shareholders of sixty-five mutual funds in a class action against the funds and their directors or investment advisors. However, *Kauffman* more accurately stands for the proposition that a plaintiff who did not own shares in sixty-one corporate funds lacked standing to bring a derivative suit on behalf of those corporations. *Id.* at 735–36. It is therefore inapposite to the present case.

Offering stronger support for Christian's argument is *Weiner v. Bank of King of Prussia,* 358 F.Supp. 684 (E.D.Pa.1973). In that case, the plaintiff brought an action against twenty banks under an assortment of state and federal statutory and common-law causes of action. It was undisputed that the plaintiff had a borrowing relationship with only one of the twenty banks; the nineteen banks with which he had no dealings sought dismissal. The court held that the plaintiff lacked standing as to each of the defendants against which he had no cause of action, and dismissed those defendants. *Id.* at 705.

We decline to follow *Weiner* because it conflicts with the established concept of subject matter jurisdiction under Texas law and would undermine established procedural safeguards for parties who fail to state a cause of action against a particular defendant.

 Subject matter jurisdiction is the power of a court to hear and determine cases of a general class to which the case in question belongs. *Bearden v. Coker,* 291 S.W.2d 790, 791 (Tex.Civ.App.—Amarillo 1956, writ ref'd n.r.e.). It is distinct from the resolution of a case as to any particular party. Once a court acquires subject matter jurisdiction,

that jurisdiction embraces everything in the case and every question which can be determined in the case. *Gregory v. MBank Corpus Christi, N.A.,* 716 S.W.2d 662, 665 (Tex. App.—Corpus Christi 1986, no writ). Conversely, if a court lacks subject matter jurisdiction, it must dismiss the entire case. *Bell,* 832 S.W.2d at 754. Texas does not recognize the dismissal of individual parties alone when a court lacks jurisdiction over the subject matter of the entire lawsuit.

For example, if a plaintiff in a nonclass action states a cause of action against one defendant but fails to state a cause of action against a second, we do not ordinarily conclude that the trial court lacks subject matter jurisdiction. The proper remedy for failure to state a cause of action is to file special exceptions. *Texas Dep't of Corrections v. Herring,* 513 S.W.2d 6, 9–10 (Tex.1974); *Moseley v. Hernandez,* 797 S.W.2d 240, 242 (Tex.App.—Corpus Christi 1990, no writ). This procedure allows an opportunity to cure any defect by amending the pleadings. *Herring,* 513 S.W.2d at 9–10; *Moseley,* 797 S.W.2d at 242. Only after failing or refusing an opportunity to amend may a defendant be dismissed. *Herring,* 513 S.W.2d at 9–10; *Moseley,* 797 S.W.2d at 242.

Once the plaintiffs in this case stated a cause of action over which the trial court had subject matter jurisdiction, the court's jurisdiction included the power to decide the merits of each plaintiff's claims, or lack thereof, as to each defendant. We conclude that Christian Mortuary Service and the other similarly situated defendants have other remedies available to them that do not affect the trial court's jurisdiction. Christian's first point of error is overruled.

### ARE THE CLAIMS OF THE CLASS REPRESENTATIVES "TYPICAL"?

Each appellant next contends that the trial court erred in certifying the class action because the claims of the representative parties are not "typical" of the claims of the unnamed members of the class. We agree.

■ The claims of a representative plaintiff must be typical of the claims of the class.

Tex.R.Civ.P. 42(a)(3). This requirement is satisfied when the evidence shows that the claims or defenses of the class representative have the same essential characteristics as those of the class as a whole. *Wiggins,* 743 S.W.2d at 334. The claims need not be identical or perfectly coextensive, but only substantially similar. *Id.* at 335.

The class of plaintiffs certified in this case includes members who might have causes of action against Christian and the other defendants with whom the class representatives have had no dealings. In addition, the parties stipulated that each named plaintiff only dealt with the funeral home that handled that plaintiff's relative and that the representations of each funeral home may vary. Therefore, the claims of a representative with a cause of action against one funeral home are not substantially similar to the claims of unnamed class members whose dealings were only with another funeral home.

■ A plaintiff cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury. *La Mar v. H & B Novelty & Loan Co.,* 489 F.2d 461, 462 (9th Cir.1973). This rule applies even if the plaintiffs' injuries are identical to those of the parties they are representing. *Id.* at 466. There are two exceptions to this rule: (1) situations in which all injuries are the result of a conspiracy or concerted scheme among the defendants; and (2) instances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious. *Id.* The suit before us meets neither exception.

■ Plaintiffs have alleged a conspiracy or concerted scheme between Pierce Mortuary College and each of the funeral home defendants. However, they have not alleged a conspiracy or concerted scheme among the funeral homes themselves. To the contrary, they assert that Pierce acted as the agent for each funeral home. Since none of the funeral homes can be held vicariously liable for the actions of another funeral home, a plaintiff having a claim against one funeral home cannot attribute his injury to another funeral

home. Consequently, this case does not fall with the first exception.

 Neither does this case fall within the second exception to the rule. A "juridical link" is a legal relationship among the defendants that permits a single resolution of the dispute which is preferable to a multiplicity of similar actions. *Thillens, Inc. v. Community Currency Exch. Ass'n,* 97 F.R.D. 668, 675–76 (N.D.Ill.1983). A juridical relationship is most often found where all defendants are officials of a single state and are charged with enforcing or uniformly acting in accordance with a state statute, rule or practice of state-wide application that is alleged to be unconstitutional. *Thompson v. Board of Educ.* 709 F.2d 1200, 1205 (6th Cir.1983) (citing *Mudd v. Busse,* 68 F.R.D. 522, 527–28 (N.D.Ind.1975)).[2]

·Here, there are no common questions of fact that would determine the liability of all the funeral home defendants. To the extent that a common question of law exists, that question can be resolved in an individual suit having precedential value in resolving subsequent similar actions. There is no juridical link among the defendants permitting a single resolution of the liability issues in this case.

We hold that the trial court abused its discretion in certifying a single class of plaintiffs when none of the representative plaintiffs' claims are typical of the entire class. A representative plaintiff's claim is not "typical," for the purposes of rule 42, when the representative has no cause of action against one or more of the defendants sued by the class. Rule 42 specifically provides for multiple classes or subclasses when appropriate. TEX.R.CIV.P. 42(d) (Vernon 1979). Smaller classes whose members all have claims against the same defendant(s) would satisfy the typicality requirement in this case. We reserve judgment on whether such classes would satisfy the remaining requirements of rule 42.

**2.** Other examples: *Broughton v. Brewer,* 298 F.Supp. 260 (N.D.Ala.1969) (the Governor of Alabama, the Attorney General of Alabama, and other Mobile County and city officials); *Samuel*

In view of our holding, it is unnecessary to address appellants' remaining points of error. The trial court's order certifying a plaintiff-class is reversed. This cause is remanded to the trial court for further proceedings.

*v. University of Pittsburgh,* 56 F.R.D. 435 (W.D.Pa.1972) (all state and state-related colleges and universities in the Commonwealth of Pennsylvania similarly situated).