AMERICAN EXPRESS TRAVEL RELATED SERVICES CO., INC. and American Express Co., Appellants,

v.

G. Wayne WALTON, on behalf of himself and all others similarly situated, Appellee.

No. 05–93–01630–CV.

Court of Appeals of Texas, Dallas.

Aug. 9, 1994.

---

Charles S. Bergen, George R. Dougherty, Christopher Hill, Chicago, IL, Alan W. Harris, Jack D. Ballard, Dallas, for appellants.

W.D. Nasterson, Roger F. Claxton, Robert J. Hill, Dallas, Irving Malchman, Roger W. Kirby, New York City, for appellee.

Before BAKER, KINKEADE and ROSENBERG, JJ.

## OPINION

BAKER, Justice.

This is an interlocutory appeal from an order certifying a class action under Texas

Rule of Civil Procedure 42. Walton represents a class of past and present American Express cardholders whose names and addresses American Express sold or rented to third parties for direct mail advertisements. American Express appeals, claiming the trial court abused its discretion by certifying the class. We reverse the trial court's order in part and affirm it in part. We remand the cause for further proceedings.

## FACTUAL BACKGROUND

In this action, Walton complains of American Express's marketing activities. American Express compiles lists of its cardholders based on its analysis of the information American Express collects about its cardholders. American Express then uses or rents these lists to establishments accepting the American Express card for direct mail advertisements. Walton complains that American Express wrongfully uses cardholders' personal information for profit.

In Walton's amended motion for class certification, he seeks actual damages, including revenue realized from American Express's marketing activities, exemplary damages, injunctive relief, and court costs. Walton argued class certification was proper because: (1) there was a risk of inconsistent judgments; (2) permanent injunctive relief was proper for the entire class; and (3) common questions of law and fact predominate over individual questions of law and fact. Walton also argued American Express could send notice of the class action in cardholders' American Express bills.

The trial court granted Walton's motion to certify the class. The trial court defined a nationwide class of thirty-nine million past and present American Express cardholders. The trial court found individual notice to the class members was unnecessary. The trial court found one-time publication in the Wall Street Journal was adequate notice. The trial court ordered American Express to pay for the publication notice.

## PARTIES' CONTENTIONS

American Express claims the trial court abused its discretion by certifying the class without requiring Walton to provide individual notice to the class members. American Express argues the trial court abused its discretion by certifying a nationwide class. American Express argues the trial court abused its discretion in certifying the class because Walton's claims are inappropriate for class-action relief. Finally, American Express argues the trial judge had no jurisdiction to certify the class because he had an interest in the suit.[1]

Walton first argues this court does not have jurisdiction to review American Express's complaints about notice to class members or class size. Walton claims those matters are collateral to class certification. Alternatively, Walton argues that since the suit primarily seeks injunctive relief, publication notice to class members is adequate. Walton argues the trial court had jurisdiction to certify a nationwide class. Finally, Walton argues the trial court properly certified the class because it satisfied the requirements for a class action.

## JURISDICTIONAL ISSUES

### A. The Trial Court's Jurisdiction

■ American Express questions whether the trial court had jurisdiction to enter the order certifying the class. American Express argues rule 18b(1) disqualified the trial judge because he was an American Express cardholder. See TEX.R.CIV.P. 18b. Walton argues the parties knew the trial judge was a cardholder. Walton notes that American Express did not object when the trial judge stated he was a cardholder. Walton argues American Express has waived any complaint. Alternatively, Walton argues rule 18b(1) does not disqualify the trial judge because he did not have an interest in the litigation before he certified the class.

Judges shall disqualify themselves in proceedings in which they know they have an interest in the subject matter in controversy. See TEX.R.CIV.P. 18b(1). A judge shall re-

1. We note that American Express did not raise the issue of the trial court's jurisdiction in a point of error, but in a footnote in its appellate brief. We nevertheless consider the claim.

cuse himself in any proceeding in which he knows he has a financial interest in the litigation, or any other interest that the outcome of the proceeding could substantially affect. *See* TEX.R.CIV.P. 18b(2)(e). A trial judge shall also recuse himself in any proceeding in which a party might reasonably question the trial judge's impartiality. TEX.R.CIV.P. 18b(2)(a). Parties may waive any ground for recusal after the trial court fully discloses it on the record. TEX.R.CIV.P. 18b(5).

In this case, the trial judge was an American Express cardholder. He stated on the record that he was a cardholder. American Express did not object to the trial judge continuing to hear the case. We find the trial judge did not have an interest in the litigation until he certified the class. Before he certified the class, the only person with an interest in the litigation was Walton individually. Rule 18b did not disqualify the trial judge until he certified the class.

The facts of this case show American Express may have reasonably questioned the trial judge's impartiality. However, the trial court disclosed he was a cardholder, and American Express did not object. American Express waived any complaint about the trial judge's failure to recuse himself. The trial judge had jurisdiction to enter the certification order.

### B. Appellate Jurisdiction

In his first reply point, Walton argues this court does not have jurisdiction to consider American Express's complaints about notice and class size. Walton contends these matters are collateral to class certification. He maintains this court cannot consider collateral matters in an interlocutory appeal. American Express argues this court has jurisdiction over the entire certification order, not just to determine whether the class certification was proper.

The civil practice and remedies code provides that a party may appeal from a trial court's interlocutory order that certifies or refuses to certify a class in a suit brought under rule 42. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 51.014(3) (Vernon Supp.1994). A party may take an interlocutory appeal only when authorized by statute. *See Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985) (per curiam). We do not have jurisdiction over an interlocutory order disposing of matters relating to class certification such as class size if the order does not certify or refuse to certify the class. *Pierce Mortuary Colleges, Inc. v. Bjerke,* 841 S.W.2d 878, 880 (Tex.App.—Dallas 1992, writ denied); *Permian Corp. v. Davis,* 610 S.W.2d 236, 237 (Tex.App.—El Paso 1980, writ ref'd) (per curiam).

Under the plain language of section 51.014, we have jurisdiction over the class certification *order.* We find section 51.014 allows a party to complain of all matters pertaining to certification of the class decided by the interlocutory order certifying or refusing to certify a class. Section 54.014(3) of the civil practice and remedies code gives this court jurisdiction to consider American Express's complaints about notice and class size because the trial court disposed of the issues in its order certifying the class.

### NOTICE REQUIREMENT

### A. Applicable Law

### 1. Standard of Review

A trial court has broad discretion in determining whether the plaintiff should maintain a lawsuit as a class action. *Dresser Indus., Inc. v. Snell,* 847 S.W.2d 367, 371 (Tex.App.—El Paso 1993, no writ). We may not disturb an order certifying a class unless the trial court clearly abused its discretion. *Chevron U.S.A. Inc. v. Kennedy,* 808 S.W.2d 159, 161 (Tex.App.—El Paso 1991, writ dism'd w.o.j.). We limit our review of a class certification order to whether the trial court abused its discretion. *Wiggins v. Ensearch Exploration, Inc.,* 743 S.W.2d 332, 334 (Tex. App.—Dallas 1987, writ dism'd w.o.j.). We do not substitute our judgment for that of the trial court. *See Dresser Indus., Inc.,* 847 S.W.2d at 371.

A trial court does not abuse its discretion if it bases its decision on conflicting evidence. *RSR Corp. v. Hayes,* 673 S.W.2d 928, 930 (Tex.App.—Dallas 1984, writ dism'd). A trial court does abuse its discre-

tion when it improperly applies the law to the undisputed facts. *Wiggins,* 743 S.W.2d at 334. We may reverse a trial court for abuse of discretion only if, after searching the record, we find the trial court's order clearly was arbitrary and unreasonable. *See Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex.1987).

## 2. Rule 42

■ A trial court may certify a class action if a plaintiff satisfies the prerequisites of rule 42(a) and meets at least one requirement of rule 42(b). TEX.R.CIV.P. 42. A plaintiff must demonstrate the right to maintain the suit as a class action. *Life Ins. Co. of the Southwest v. Brister,* 722 S.W.2d 764, 770 (Tex.App.—Fort Worth 1986, no writ).

As soon as practicable the trial court shall, after a hearing, determine whether an action should proceed as a class action. TEX. R.CIV.P. 42(c)(1). After the trial court determines a party may maintain a class action, it shall order the party claiming the class action to direct to the class members the best notice practicable under the circumstances including individual notice to all class members whom he can identify through reasonable effort. TEX.R.CIV.P. 42(c)(2).

■ Rule 42 is patterned after Federal Rule of Civil Procedure 23. Federal rule 23 and the cases interpreting it are persuasive authority when we interpret rule 42. *See Ball v. Farm & Home Sav. Ass'n,* 747 S.W.2d 420, 422–23 (Tex.App.—Fort Worth 1988, writ denied); *Grant v. Austin Bridge Constr. Co.,* 725 S.W.2d 366, 370 (Tex.App.— Houston [14th Dist.] 1987, no writ); *RSR Corp.,* 673 S.W.2d at 931–32. We have found no Texas case determining the kind of notice class members must receive upon class certification. However, the Supreme Court has directly addressed the notice class members must receive upon class certification. *See Eisen v. Carlise & Jaquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

In *Eisen,* the trial court had ordered a combination of publication notice and individual notice to some identifiable class members. The Supreme Court found publication notice for identifiable class members was im-

proper. The Court found rule 23's statement "the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort" meant all identifiable class members had to receive individual notice. *Eisen,* 417 U.S. at 173, 94 S.Ct. at 2150.

The *Eisen* trial court had ordered the defendant to pay the cost of notice. The *Eisen* class representative contended the high cost of notice would end the suit as a class action and frustrate the policy underlying rule 23. The Court found no support in rule 23 for imposing costs on the defendant. The class representative had to bear the costs of notice to the members of his class. *Eisen,* 417 U.S. at 177–78, 94 S.Ct. at 2152–53.

## B. Application of Law to the Facts

In American Express's first point of error, it claims the trial court abused its discretion by not requiring individual notice for all identifiable class members. American Express claims with reasonable efforts the parties can identify all thirty-nine million class members. American Express concludes that under the express language of rule 42, Walton must send individual notice to all class members. In response, Walton argues nothing in rule 42 makes individual notice mandatory. He claims the trial court has broad discretion to determine the best notice practicable under the circumstances. Walton argues it is impracticable to require him to send individual notice to all class members. Walton claims he will be unable to pursue the class action if he must pay for individual notices. Walton argues ordering him to pay for individual notices will frustrate rule 42's purpose.

American Express presented testimony that it has the names and addresses of all class members. An American Express employee testified American Express has microfilm and magnetic tape files of bills sent to all past and present cardholders. He testified American Express could create a list of the names and addresses of all class members. He testified it would take two to three months' labor and cost $100,000 to create the list. He also testified that for security reasons American Express would not allow a third party to create the list from its files.

█ Rule 42's plain language does not support Walton's argument that rule 42 gives the trial court broad discretion to determine the kind of notice class members should receive. Rule 42 gives the trial court discretion to determine whether to certify a class action. However, rule 42 does not give the trial court unfettered discretion to determine the kind of notice class members should receive. Rule 42 provides that a trial court shall order the best notice practicable under the circumstances including individual notice to identifiable class members. Even with a permissive rule, the trial court must act within the framework of the rule. *See J.R.W. v. State*, 879 S.W.2d 254, 256–57 (Tex.App.— Dallas 1994, n.w.h.). Rule 42's framework includes a directive for individual notice when a class representative can identify class members. Rule 42's directive for individual notice limits the trial court's discretion.

Rule 42 specifically requires individual notice to all members whom the class representative can identify with reasonable effort. TEX.R.CIV.P. 42(c)(2). The *Eisen* Court found the same language in Federal rule 23 required individual notice to all identifiable class members. *Eisen*, 417 U.S. at 177, 94 S.Ct. at 2152. The *Eisen* Court found the language did not apply to suits for injunctive relief because of the organization of rule 23. Walton argues the *Eisen* decision is inapplicable because he seeks primarily injunctive relief. Walton overlooks that the Texas Supreme Court organized rule 42 differently from Federal rule 23.

█ Rule 23's individual notice requirement applies only to class actions brought because common questions of law and fact predominate over individual questions of law and fact. FED.R.CIV.P. 23(c)(2). Rule 42 does not limit its requirement of individual notice as does Federal rule 23. We find the Supreme Court's interpretation of the language "best notice practicable under the circumstances including individual notice to members who can be identified through reasonable effort" persuasive. Rule 42's express language requires individual notice of

all class members identifiable through reasonable effort.

█ Walton argues the effort required to identify all class members exceeds a reasonable effort. Walton argues that because there is no readily available list of class members, he does not have to give individual notice. *See In re Agent Orange Prod. Liab. Litig.*, 996 F.2d 1425, 1435 (2d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1125, 127 L.Ed.2d 434 (1994). Walton also argues he does not have to give individual notice because only American Express has access to the information and will not release it. Finally, Walton argues the high cost of creating the list excuses him from having to give individual notice.

In *Eisen*, the Supreme Court found the class representative could identify class members through reasonable effort when he could identify all class members by comparing different computer records. *See Eisen*, 417 U.S. at 166 n. 5, 94 S.Ct. at 2147 n. 5. American Express showed it could compile the list from its files for $100,000. The effort required to compile the list in this case is no more burdensome than the effort required in *Eisen*. The testimony did not show American Express would not release the information. The testimony showed American Express would not let a third party compile the list from its files.

Finally, the *Eisen* Court rejected the class representative's argument that the high cost excused the individual notice requirement. *Eisen*, 417 U.S. at 179, 94 S.Ct. at 2153. We find *Eisen* persuasive on this issue. Walton could have limited his class to Texas cardholders or only present cardholders to limit the expense of individual notice. To the contrary, Walton specifically sought certification of a nationwide class. Additionally, rule 42's plain language requires the party claiming the class to send notice to class members. TEX.R.CIV.P. 42(c)(2). We interpret that directive to include paying the cost of notice. *See* WILLIAM V. DORSANEO, 1 TEXAS LITIGATION GUIDE § 13.07(4)(a) (1994).

Rule 42's plain language requires individual notice to all identifiable class members.[2]

---

2. We express no opinion on the methods a class representative could use to give individual notice

to all identifiable class members.

The uncontroverted evidence showed American Express could identify every class member from its files. The trial court abused its discretion when it found individual notice to each class member was unnecessary. Rule 42's plain language requires the party claiming the class to provide notice to class members. We interpret this directive to include paying the costs of notice. The trial court also abused its discretion by ordering American Express to pay for the publication notice to class members. The trial court improperly applied rule 42 to the undisputed facts of this case. We sustain American Express's first point of error.

## NATIONWIDE CLASS

### A. Parties' Contentions

American Express claims the trial court abused its discretion by certifying a nationwide class. American Express argues the trial court abused its discretion by applying Texas law to class members living in jurisdictions whose law conflicts with Texas law on the merits of the claims against American Express. American Express argues the trial court applied Texas law to all class members by certifying the class. Walton argues American Express is making a choice of law argument when the trial court has not decided what law will apply to the merits of the class action.

### B. Applicable Law

A forum state may exercise jurisdiction over the claim of an absent class-action plaintiff, though that plaintiff may not have the minimum contacts with the forum necessary for personal jurisdiction over a defendant. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 811, 105 S.Ct. 2965, 2974, 86 L.Ed.2d 628 (1985). If a forum state wants to bind an absent plaintiff to a judgment for money damages or similar relief at law, it must provide minimal procedural due process protections. The absent plaintiff must receive notice plus an opportunity to be heard and participate in the litigation. The forum state must provide the absent plaintiff with an opportunity to remove himself from the class. *Shutts,* 472 U.S. at 811–12, 105 S.Ct. at 2974–75.

In determining what law applies in a class action, the trial court first determines if its law conflicts with the law of any other jurisdiction connected to the suit. *Shutts,* 472 U.S. at 816, 105 S.Ct. at 2976. If conflicts exist, the trial court must determine whether the forum has significant contact or a significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair. *Shutts,* 472 U.S. at 818, 105 S.Ct. at 2977–78 (discussing the plurality holding in *Allstate Ins. Co. v. Hague,* 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981)). The Court affirmed the state court's exercise of jurisdiction over the absent plaintiff class members, but reversed application of the forum's law to the merits of the class action. *Shutts,* 472 U.S. at 823, 105 S.Ct. at 2980.

### C. Application of Law to the Facts

In its second point of error, American Express claims the trial court abused its discretion by applying Texas law to class members who live in jurisdictions whose law conflicts with Texas law on the merits of the class claims against American Express. American Express implicitly argues a trial court could never certify a nationwide class because it applies its law to class members merely by certifying a class. American Express's argument does not persuade us.

The trial court's order certifying the class does not determine what law will apply to the merits of the class action. American Express makes a choice of law argument when the trial court has not yet made a choice of law decision. Certifying a class does not equate to applying Texas substantive law to class members. Specifically, a trial court can certify a nationwide class so long as class members receive adequate notice and an opportunity to participate in or opt out of the class action. *See Shutts,* 472 U.S. at 811–12, 105 S.Ct. at 2974–75. The trial court did not abuse its discretion by certifying a nationwide class. We overrule American Express's second point of error.

## WALTON'S CLAIMS

In its third point of error, American Express argues the trial court abused its

discretion in certifying the class because Walton's claims are not appropriate for class-action relief. In effect, American Express argues common questions of law and fact do not predominate over individual questions of law and fact. American Express argues the trial court made no rule 42(b) finding and, thus, abused its discretion in certifying the class. Walton argues the trial court properly certified the class based on either rule 42(b)(1), (b)(2), or (b)(4).

In his class certification motion, Walton argued certification was proper under rule 42(b)(1) because prosecuting an individual cardholder's claim would be dispositive of the entire class's claims. Walton argued certification was proper under rule 42(b)(2) because American Express had acted in a manner generally applicable to the entire class, making final injunctive relief proper for the entire class. Walton also argued certification was proper under rule 42(b)(4) because common questions of law or fact predominated over individual questions.

We reverse a trial court's order certifying a class only if the record shows a clear abuse of discretion. *See Simon,* 739 S.W.2d at 795. A plaintiff must satisfy only one requirement of rule 42(b) for certification of a class. *See* TEX.R.CIV.P. 42(b). A trial court retains jurisdiction over a class certification order. A trial court can later decertify a class action. *Dresser Indus., Inc.,* 847 S.W.2d at 376. To show an abuse of discretion, American Express must demonstrate that the undisputed evidence will not support any of rule 42(b)'s basis for certifying a class action.

We find the trial court did not abuse its discretion in certifying the class. The uncontroverted evidence showed American Express took the same complained of actions against each class member. American Express compiled lists of cardholders based on information about each cardholder. American Express then used or rented these lists for direct mail advertisements. American Express acted in a manner that injunctive relief would be proper for the entire class. We overrule American Express's third point of error.

### CONCLUSION

We reverse the trial court's order certifying the class to the extent it provides for one-time publication notice to class members and requires American Express to pay for notice to class members. We affirm the remainder of the trial court's order certifying the class action. We remand this cause to the trial court with instructions to require Walton to provide individual notice to all identifiable class members at Walton's cost.