Affirmed and Opinion filed May 23, 2002









Affirmed and Opinion filed May 23, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00367-CV

____________

 

RICHARD H. PARKER, JR.,
Appellant

 

V.

 

DONALD M. LANCON, Appellee

 



 

On
Appeal from the 151st District Court

Harris County, Texas

Trial
Court Cause No. 88-057436

 



 

O
P I N I O N

This is an appeal from a postjudgment
order appointing a receiver and master in chancery in a fraudulent transfer
action.  Appellant, the judgment debtor
below, contends the trial court lacked subject-matter jurisdiction because appellee did not have standing to pursue turnover
relief.  Appellant also asserts that the
underlying judgment has been satisfied and that this order resulted in a double
recovery.  We find no error and affirm.

Factual and Procedural Background








Appellant Richard H. Parker, Jr. challenges an order granting
postjudgment relief in favor of appellee
Donald M. Lancon to collect on a judgment nunc pro tunc signed
on May 16, 1996 (the A1996 Judgment@).  Many years before,
on December 12, 1988, Lancon obtained a judgment
against Roy Robinson and others for more than $4.2 million in Cause No.
123,697, in the 56th Judicial District Court, Galveston County (Athe 1988 Galveston Judgment@). 
Parker was the attorney for Robinson in that case.  After the verdict, but before entry of the
judgment, Robinson transferred real property to Parker.  In an adversary proceeding related to
Robinson=s bankruptcy, the bankruptcy court
held the 1988 Galveston Judgment non-dischargeable.  Lancon and the
Robinsons later settled.  Lancon signed a release of the 1988 Galveston Judgment on
September 13, 1994.  However, thereafter,
Lancon obtained the 1996 Judgment, which primarily
gave Lancon three types of relief: (1) it allowed Lancon to execute on land fraudulently transferred to Parker
by Robinson and his wife 
shortly before entry of the 1988 Galveston Judgment; (2) it
revived the 1988 Galveston Judgment; and (3) it awarded Lancon
a money judgment for $350,000, representing the proceeds from the real property
for the years it had been fraudulently in Parker=s possession.  The 1996 Judgment is final and subsisting. 

Lancon sought postjudgment
relief in his efforts to collect the 1996 Judgment.  The trial court granted his application for
turnover relief, appointment of a receiver, and appointment of a master in
chancery.  Parker appeals this
order.  Lancon
has not filed an appellate brief.

Issues Presented

Parker presents two issues: (1) whether Lancon
lacks standing to pursue turnover relief; and (2) whether the trial court=s order grants Lancon
a double recovery.

Standard of Review








Parker challenges the subjectCmatter jurisdiction of the trial
court to issue its postjudgment order.  He argues that, because the underlying
judgment was released and satisfied, Lancon lacks
standing.  We determine whether the trial
court lacked subjectCmatter jurisdiction under a de novo standard of
review.  Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  Lack of subjectCmatter jurisdiction can be raised for
the first time on direct appeal.  Texas Ass=n
of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 445B46 (Tex. 1993). 

Standing

We first consider Parker=s contention that Lancon
does not have standing to pursue collection of the 1996 Judgment because he
released the 1988 Galveston Judgment. 
Standing is a prerequisite to  subjectCmatter jurisdiction, and  subjectCmatter jurisdiction is essential to a
court=s power to hear a case.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 553B54 (Tex. 2000).  Standing implicates the trial court=s subjectCmatter jurisdiction because, under
the Texas Constitution, a trial court only has the power to hear a case if an
actual controversy exists.  See Tex.
Ass=n of Bus., 852 S.W.2d at 472.  Once a court acquires subjectCmatter  jurisdiction, that jurisdiction embraces
everything in the case, and every question that can be determined in the
case.  Cedar Crest Funeral Home v. Lashley, 889 S.W.2d 325, 330B31 (Tex. App.CDallas 1993, no writ) (citations
omitted). Conversely, if a court lacks subjectCmatter jurisdiction, it must dismiss
the entire case.  Id. at 331.  

In challenging Lancon=s standing as a judgment creditor,
Parker argues that, because Lancon released the 1988
Galveston Judgment, he has no standing to collect on the 1996 Judgment.  The facts in the appellate record belie this
argument.  The1996 Judgment has never
been released, nor has any evidence been brought forward to suggest it has been
satisfied.  Moreover, under the plain
language of the 1996 Judgment, the 1988 Galveston Judgment has been
revived.  Lancon
has standing to pursue postjudgment collection of the
1996 Judgment.  He was and is a judgment
creditor under the 1996 Judgment. 
Accordingly, we overrule Parker=s first issue.

Double Recovery








In his second issue, Parker argues that, when Lancon executed upon the fraudulently transferred property,
he recovered more than $400,000.  As a
result, Parker claims that the 1996 Judgment has been satisfied and that
permitting the appointment of a receiver to marshal assets would give Lancon a double recovery. 
This argument fails for several reasons.

First, Parker failed to present evidence of payment or
satisfaction of the 1996 Judgment in the trial court.  We find no evidence in the record to indicate
the 1996 Judgment has been satisfied. 
Therefore, the trial court did not err in entering its postjudgment order.

Second, the plain language of the 1996 Judgment undercuts
Parker=s double-recovery argument.  The judgment provides in pertinent part:

IT IS ORDERED, ADJUDGED AND DECREED that the transfers
of that certain real property, described in Exhibit AA@ attached hereto and any interest therein or attached
thereto, from Roy B. Robinson to Richard Parker are and were void as fraudulent
transfers.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that as of
the date of the transfer of the real property described in Exhibit AA@ attached hereto, the real property was not homestead
property of Roy B. Robinson and his wife, Kathleen L. Robinson, and that Donald
M. Lancon may execute his judgment obtained against
Roy B. Robinson in Cause No. 123,697, Donald M. Lancon
v. Roy B. Robinson, et al; In the 56th Judicial District Court,
Galveston County, Texas against the property described in Exhibit AA@ attached hereto.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that
Donald M. Lancon have and recover from and against
Richard Parker the sum of $350,000 as the value of the proceeds received by
Richard Parker from the real property fraudulently transferred to him.  

 

In addition to the ability to execute on the fraudulently transferred
property, Lancon received a judgment in personam for $350,000 against Parker.  Lancon was entitled
to execute on the fraudulently transferred real property as well as collect
an additional $350,000 from Parker, plus postjudgment
interest and costs.  Lancon=s execution upon the real property in
question did not result in a windfall or double recovery for Lancon.  Accordingly,
we overrule Parker=s second issue.








Impermissible Collateral Attack

Parker=s arguments constitute collateral attacks on the 1996
Judgment.  AA collateral attack is an attempt to
avoid the effect of a judgment in a proceeding brought for some other purpose.@ 
Kortebein v. American Mut. Life
Ins. Co., 49 S.W. 3d 79, 88 (Tex. App.CAustin 2001, pet. denied) (citation
omitted).  A collateral attack is
impermissible if it is instituted to interpret a prior judgment entered by the
same court or another court of coordinate jurisdiction.  See, e.g., Martin v. Dosohs
I, Ltd., 2 S.W.3d 350, 352 (Tex. App.CSan Antonio 1999, pet. denied)
(holding that, in Texas, a litigant may not use a declaratory judgment suit to
interpret a judgment of the same or another court).  Parker may not challenge the validity of the
1996 Judgment in this postjudgment collection
proceeding.  A direct appeal would have
been the avenue to challenge the 1996 Judgment, and the time for that has long
passed.

                                                                Conclusion

We overrule Parker=s first and second issues.  Lancon had standing
to seek turnover relief, and the trial court had subjectCmatter jurisdiction to enter its order.  The 1996 Judgment has not been satisfied, and
Lancon=s
execution upon the real property in question did not result in a double
recovery.   Accordingly, we affirm the
trial court=s postjudgment order.

 

 

________________________________            

Kem
Thompson Frost

Justice

 

 

Judgment rendered and Opinion filed May
23, 2002.

Panel consists of Chief Justice Brister
and Justices Anderson and Frost.

Do Not Publish C
Tex. R. App. P. 47.3(b).