In re FARMERS INSURANCE EXCHANGE, Truck Insurance Exchange, Fire Insurance Exchange, Mid–Century Insurance Company, Mid–Century Insurance Company of Texas, Farmers New World Life Insurance Company, Farmers Texas County Mutual Insurance Company, Texas Farmers Insurance Company, and Farmers Group, Inc.

No. 03–04–00328–CV.

Court of Appeals of Texas, Austin.

July 29, 2004.

Bobby G. Pryor, Dana G. Bruce, Pryor & Bruce, Rockwall, Robert F. Kalinke, Melanie S. McMillian Hunter, D. Dean Boyd, Dallas, for Real Party In Interest.

Thomas T. Rogers, Luke Ellis, Jackson Walker L.L.P., Austin, for Relators.

Before Justices KIDD, PURYEAR and PEMBERTON.

## OPINION

PEMBERTON, Justice.

We deny Relators' petition for writ of mandamus because, under current Texas law, Relators are considered to have an adequate remedy at law for their complaint that the class notice approved by the trial court is inadequate. Absent further guidance from the Texas Supreme Court, we decline Relators' invitation to extend *CSR, Ltd. v. Link,* 925 S.W.2d 591, 596–97 (Tex.1996) and *National Indus. Sand*

*Ass'n v. Gibson,* 897 S.W.2d 769, 771 (Tex. 1995), in which the Texas Supreme Court recognized that an appeal from final judgment may, in certain "exceptional circumstances," be an inadequate remedy for the erroneous denial of a special appearance. *See also Canadian Helicopters, Ltd. v. Wittig,* 876 S.W.2d 304, 306–08 (Tex.1994). However, we offer a few observations regarding the recent amendments to Texas Rule of Civil Procedure 42, which enumerate, for the first time, certain matters that must be included in class notices. *See* Order of the Supreme Court of Texas, Amendments to the Texas Rules of Civil Procedure, Misc. Docket No. 03–9160 (Oct. 9, 2003, eff.Jan. 1, 2004).

Texas Rule of Civil Procedure 42(c)(2)(A) now requires that, in any class action certified under rule 42(b)(3) (formerly (b)(4)) [1], the class notice:

must concisely and clearly state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through counsel if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and

(vi) the binding effect of a class judgment on class members under Rule 42(c)(3).

Tex.R. Civ. P. 42(c)(2)(A).[2] The addition of these specific content requirements, all

---

1. The 2003 amendments eliminated former subsection (b)(3) "as unnecessary." *See* Tex.R. Civ. P. 42 General Commentary–2003.

2. Another notable change in amended rule 42, which brings it into line with the federal class action rule, is to no longer mandate individual notice and an opt-out opportunity for class actions certified under rule 42(b)(1) and (2); those requirements are now merely permissive. *Compaq Computer Corp. v. Lapray,* 135 S.W.3d 657, 663-664 (2004); Tex.R. Civ. P. 42(c)(2)(A). The amended rule now requires notice and opt-out provisions only in

other things being equal, may tend to invite future disputes of the kind presented here. Such terms as "the nature of the action," "claims," "issues," and "defenses" leave much room for argument regarding the level of detail our trial courts must provide in class notices. Some helpful guidance regarding the application of these new requirements, however, can be found in federal authorities addressing similar new requirements in Federal Rule of Civil Procedure 23.

The new class notice content requirements of amended rule 42 are identical to those recently added to Federal Rule of Civil Procedure 23. *Compare* Tex.R. Civ. P. 42(c)(2)(A) *with* Fed.R.Civ.P. 23(c)(2)(B). The "legislative history" of the Texas amendments demonstrate that the drafters explicitly intended to incorporate the then-pending federal rule amendments. Transcript of the Supreme Court of Texas Rules Advisory Committee (Aug. 22, 2003), at 9957:7–:24, 9963:23–9964:16. The Texas Supreme Court has previously held that because the rules are similar, authority regarding federal rule 23 should be persuasive on questions involving Texas rule 42. *Compaq Computer Corp. v. Lapray,* 135 S.W.3d 657, 663 n.6 (2004); *Southwestern Refining Co. v. Bernal,* 22 S.W.3d 425, 433 (Tex.2000); *American Express Travel Related Servs. Co. v. Walton,* 883 S.W.2d 703, 708 (Tex.App.—Dallas 1994, no writ).

The Advisory Committee Notes to the 2003 amendments to federal rule 23 provide guidance regarding the new class notice content requirements:

> The direction that class-certification notice be couched in plain, easily understood language is a reminder of the need to work unremittingly at the difficult task of communicating with class members. It is difficult to provide information about most class actions that is both accurate and easily understood by class members who are not themselves lawyers. Factual uncertainty, legal complexity, and the complication of class-action procedure raise the barriers high. The Federal Judicial Center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms.

Fed.R.Civ.P. 23 Notes of Advisory Committee on 2003 amendments to Rules. To date, the Federal Judicial Center has drafted model "illustrative clear-notice forms" for three types of cases: securities, products liability (asbestos), and employment discrimination. *See http:// www.fjc.gov.* The securities and products liability model notices are for use in situations where class members are to be notified of both certification/opt-out and a proposed settlement; the employment discrimination model form is designed to be used to notify the class of only certification and opt-out.

Because it is ultimately unnecessary to our result, we intend no comment on whether the class notice approved by the trial court in this case complies with the new requirements of Tex.R. Civ. P. 42 as informed by the federal advisory committee notes and model notice forms. We merely observe that the federal guideposts should be instructive to both trial courts and practitioners in their future application of those requirements.

cases under rule 42(b)(3). Tex.R. Civ. P. 42(c)(2)(B).